## L. D. GROVE, Respondent, v. JESSE REYNOLDS, etc., Appellant.

### St. Louis Court of Appeals, February 17, 1903.

1. **Guardian: INSANE PERSON: HIS TRUSTEE, NOT HIS PERSONAL REPRESENTATIVE.** A guardian of an insane person is not the personal representative of such person, but is a stationary trustee having no principal whom he can bind by his contracts. His authority to bind the assets in his hands is restricted by the statutes under which he was appointed and authorized to act.

2. ———: ———: **ATTORNEY'S FEE.** Legal services may be necessary for the protection of the assets of the estate of an insane person in the hands of his guardian, and when such is the case, the attorney should receive compensation for such services.

3. ———: ———: ———. Unless such services are beneficial to the estate of the insane, there should be no allowance by the probate court for the payment of them, and the attorney in that event must look to the trustee or guardian who employed him.

Appeal from Butler Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED.

STATEMENT.

On December 15, 1900, plaintiff filed in the probate court of Butler county the following demand against the estate of Laura J. Hildebrand:

"The Estate of Laura J. Hildebrand, April, 1900. To L. D. Grove, Dr. To att'y fees for services as attorney in case in circuit court of Butler county of C. C. M. Hildebrand as curator of the estate of Laura J. Hildebrand v. Jesse Reynolds et al. and settled at the June term of said court, 1900, $75.00.

"State of Missouri, County of Butler, ss.

"L. D. Grove, being duly sworn according to law, says that to the best of his knowledge and belief he has given credit to the estate of Laura J. Hildebrand, deceased, for all payments or offsets to which it is entitled, on the demand above described and that the balance there claimed is justly due.        L. D. GROVE.

"Subscribed and sworn to before me this 15th day of December, 1900. Witness my hand and official seal.

(L. S.)                    "D. B. DEEM,

"Judge of Probate."

The demand was allowed by the probate court.

From the judgment allowing the demand defendant appealed to the circuit court. On a trial anew in the circuit court, the issues were submitted to the court on the following agreed statement of facts:

"It is agreed by and between the parties hereto that prior to the presentation of the demand by plaintiff in the probate court, and while C. C. M. Hildebrand was acting as the duly appointed guardian and curator of the person and estate of Laura J. Hildebrand, an insane person, said C. C. M. Hildebrand employed plaintiff to institute a suit in the circuit court for said C. C.

M. Hildebrand, as the guardian and curator of said Laura J. Hildebrand, the object and purpose of which was to obtain a partition of real and personal property, as shown by the pleadings filed and made a part of this stipulation.

"That said suit was dismissed by said C. C. M. Hildebrand.

"That said C. C. M. Hildebrand was removed as guardian and curator of the person and estate of said Laura J. Hildebrand by the probate court and defendant appointed as guardian of the person and curator of the estate of said Laura J. Hildebrand.

"That said C. C. M. Hildebrand never at any time turned over any fund belonging to the estate of said Laura J. Hildebrand to defendant.

"That the demand of plaintiff was filed in the probate court, after the removal of said C. C. M. Hildebrand and after the appointment of defendant."

It was admitted by appellant on the hearing in this court that seventy-five dollars was a reasonable fee for the professional services rendered by plaintiff.

*L. R. Thomason* for appellant.

(1)   The estate of Laura J. Hildebrand would be responsible to plaintiff only for reasonable compensation for his services that was of benefit to the estate. Nichols v. Reyburn, 55 Mo. App. 5.   (2)   Upon the agreed statement of facts in this case it is clear that the services of plaintiff were of no benefit to the estate. Hence, C. C. M. Hildebrand, by whom plaintiff was employed, is alone responsible to plaintiff. Nichols v. Reyburn, supra.

BLAND, P. J.—A guardian of an insane person is not the personal representative of such person, but is a stationary trustee having no principal whom he can bind by his contracts. His authority to bind the assets

in his hands is restricted by the statutes under which he was appointed and authorized to act. Yeakle v. Priest, 61 Mo. App. (St. L.) l. c. 50; Nichols v. Reyburn, 55 Mo. App. (St. L.) 1.

Legal services are not infrequently necessary for the protection of the assets of an estate in the hands of an administrator or guardian, and when this is the case, it has been repeatedly held in this State that such services are for the benefit of the estate, and that the attorney who rendered them may look to the trustee for his fee, or may present his claim to the probate court and that that court has jurisdiction to allow the fee as a charge directly against the assets of the estate, as expense of the administration. Powell v. Powell, 23 Mo. App. (K. C.) 365; State ex rel. v. Walsh, 67 Mo. App. (K. C.) 348; Nichols v. Reyburn and Yeakle v. Priest, supra.

There is nothing in the agreed statement of facts tending to show that the professional services rendered by the plaintiff were necessary to preserve the assets of the estate, or were at all beneficial to the estate; on the contrary the admission that Hildebrand, the former guardian who employed plaintiff, dismissed the suit, raises the inference that plaintiff's services were not necessary or beneficial, but on the contrary were detrimental to the estate, as the suit which he brought resulted only in a bill of costs chargeable to the estate. In such circumstances the attorney must look to the trustee who employed him and who is primarily liable for his fee. The estate can never be charged with attorney's fees rendered on the employment of an administrator or guardian, unless it is made to appear affirmatively, that the services were necessary, or were of benefit to the estate.

The agreed statement of facts is insufficient to support the judgment rendered or to authorize any judgment against the estate, hence the judgment is reversed. *Reyburn* and *Goode, JJ.,* concur.