JOSEPH FRELICK et ux. *v.* JAMES M. TURNER.

A guardian is not authorized, without a previous order of the probate court allow-
ing him to do so, to exceed the income of the ward's estate, in expenses for
his maintenance and education.   Hutch. Code, 505, § 128–133.

It is only in 'very special cases, such as could not be foreseen, that the court
ought, under any circumstances, to sanction a charge of this kind not previ-
ously authorized by the court.

On appeal from the probate court of Lawrence county; Hon.
John Dickerson, probate judge of Lawrence county.

The facts are contained in the opinion of the court.

*B. C. Buckley,* for appellants,

Contended the decree of the court below was erroneous, and
cited and commented on H. & H. Dig. 338; 1 How. 53; 1 S.
& M. C. R. 543.

*G. P. Foute,* for appellee,

In reply, contended that every item in the account allowed
was just, and the decree of the court below was not erro-
neous.

Mr. Justice FISHER delivered the opinion of the court.

This was a proceeding by the ward against the guardian, in
the probate court of Lawrence county, to compel the latter to
make a final settlement of his guardian account.

There is nothing in the record showing that the guardian, as
required by the statute, made annual settlements of his ac-
counts in the probate court, showing the annual income of the
ward's estate, and the disbursements in educating and main-
taining the ward.

There is, it is true, something purporting to be a showing of
the hire of a slave for part of the time.   This, however, is not
such an account as is required by the law.

But we will proceed to notice the main objection urged by

appellee's counsel against the action of the court below, which is, that the account shows that the guardian greatly exceeded the income of the ward's estate, in her maintenance and education, without a previous order of the court allowing him so to do. The law on this subject will be found in Hutch. Code, 505, § 128–133. It is only in very special cases, such as could not be foreseen, that the court ought, under any circumstances, to sanction a charge of this kind not previously authorized by the court. It is no answer to say, that the charge is not unreasonable, or such as the court would or might have previously given the guardian authority to make. He has taken upon himself to disregard the plain and salutary provisions of the law, and to substitute his own judgment about a matter which could only be regulated by the judgment of the court. His accounts have been rendered the more confused and complicated by his not settling them annually, as required by the plain and unmistakable provisions of the law. After the lapse of nearly ten years since his first settlement ought to have been made, he comes before the court, asking that his negligence and open violation of law may be excused; and that, inasmuch as he has only done what it is barely possible the court might have authorized him to do, in expending several hundred dollars of the ward's estate more than the income, he asks, and, what is strange to say, actually gets credit for the excess; and the court, not stopping here, proceeds to render a judgment against the ward for the money. If such a proceeding is to be countenanced by those tribunals whose duty it is to administer the law, as it is plainly written, it will become not only a precedent to sustain similar conduct in others performing like trusts, but will be an invitation to them to violate the law, and to prescribe to themselves a more convenient and less responsible course of proceeding.

Upon this branch of the case, then, we are clearly of opinion, that the judgment of the court below ought to be reversed; and, inasmuch as the necessity for a reference of the account to commissioners has grown entirely out of the guardian's failure to settle his accounts annually, as it was his duty to have done, we are of opinion that the entire costs of this refer-

ence, the testimony, and, in short, all expenses and costs neces-sarily incurred to render the account plain, or to establish its correctness, ought to be borne by the guardian, and should be decreed against him by the court.

We may remark, upon the whole case, that the record is not very intelligible; that, if it contain the vouchers, about which the controversy arose in the court below, they have been very ingeniously concealed in some part of the record, which has not come under our notice.

Decree reversed and cause remanded, with directions, if the guardian fail to sustain his charge, exceeding the income of the property of the ward, by a previous order of the court, that such charge be disallowed.

The two items, one for money furnished the ward, and the other for a gold watch, we say nothing about, as they will undergo investigation in the court below.