# THEODORE STEYER, GUARDIAN,

## v.

# WILLIAM S. MORRIS, GUARDIAN AD LITEM.

*Guardian and Ward—Funds of Ward—Failure to Keep at Interest—Sec. 22, Chap. 64, Starr & C. Ill. Stats.*

1. In the absence of evidence to the contrary, it will be presumed that a guardian might have kept funds of his ward at interest.

2. Where such funds continue to be in excess of expenditures in behalf of the ward, failure to so invest at reasonable intervals will render the guardian liable for interest.

3. The estate of a ward should not be charged for legal services rendered his guardian, in a controversy arising through such guardian's fault.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Pope County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Messrs. ROSE & SLOAN, for appellant.

It was strenuously claimed by the appellee in the court below that no matter how small the amount of money in the hands of the guardian or for what purpose it might be needed for the care and support of the ward, that still the guardian was compelled to loan the same. And although the guardian may have honestly thought, and had good reasons to believe (as in the case at bar), that the small amount on hand was liable to be called for at any time in the care of his ward, yet it should be loaned, and in support of this theory cited Hughes et al. v. The People, 111 Ill. 458; also, McIntyre v. The People, 103 Ill. 142; contending that by these decisions the statute was mandatory as to the loaning of money, however small the amount or however necessary it might be to use the same during the current year for the support of the ward. We hold that a careful reading of these cases, cited by the appellee in the lower court, sustain our theory of this case, viz., that the guardian is only liable for interest on such

sums as may not reasonably be needed for the support of his ward during the current year. These decisions show that the statute does not change the common law as to the duty of the guardian to loan any balance in his hands not needed or likely to be needed for the support of his ward, but that the mandatory part of the statute is, that the guardian " shall loan the money on the approval of the court." These decisions do not sustain the theory of appellee in this case, but on the contrary show how unreasonable such theory is. We call attention to the following expressions in opinion cited above, 103 Ill. 142: " At common law it was the duty of the guardian to loan the money of his ward (not needed for the present use of his ward)." * * * " If the guardian kept such moneys in his possession without use, when, by the exercise of ordinary care he might prudently have put the same at interest, he is chargeable with interest upon the same." Do we understand from this that the guardian may not say, as did the guardian in this case, " I have a small balance now that may be needed at any time for the care of my ward, and I can not prudently loan the same ? " Or what is meant by the last clause of Sec. 22, Chap. 64, Starr & C. Ill. Stats., where it says " the guardian shall be chargeable with interest upon any money which he shall wrongfully or negligently allow to remain in his hands," etc. The failure to loan the ward's money must be wrongful or negligent before the guardian can be charged with interest. Will any prudent man say, after reading the uncontradicted evidence of Steyer, the guardian, in this case, that the keeping on hand of a small balance for the use of his ward was either wrongful or negligent ? The report made by the guardian from time to time, his evidence, and in fact everything in this record, show that he was a careful, painstaking guardian, at all times looking after the interest of his ward, as in the case of collecting insurance, and striving to increase her rents, as shown from his evidence. And if he was looking after his ward's welfare and interest, and as a prudent man, kept a small balance on hand to meet contingencies, shall he be made to pay interest on these amounts because the contingency did not arise ? If so, then if the

ward had become sick, or if, as he says in his evidence, the board had been increased so that every dollar would have been expended, still, under the construction contended for, he would have been liable for interest.

If a guardian act in good faith, and as a reasonably prudent man would act under the circumstances, then he is not liable for a mere error of judgment. Hughes v. The People, 10 Ill. App. 148, and authorities there cited.

If the guardian has an excuse for failure to loan his ward's money, that is reasonable, he will not be chargeable with interest. Sec. 22, Chap. 64, Starr & C. Ill. Stats.; 1 Parsons on Contract, 5th Ed., 122, 136; Bennett v. Hamfin, 87 Ill. 36.

And the guardian may retain on hand a proper surplus to meet current and contingent expenses, and also sums which are too small to be wisely invested. 3 Wait's Actions and Defenses, 550, paragraph 4, and authorities there cited; and also 4 Wait's Action and Defenses, 141, paragraph 17; also 9 American Encyclopedia of Law, 117, note 3, and authorities there cited; also note 1, page 119, Idem., and cases cited; Gott v. Culp, 2 American Probate Reports, 69.

Mr. W. S. MORRIS & SON, for appellee.

We insisted and now insist, that Sec. 22, Chap. 64, Starr & C. Ill. Stats., as it now stands in the book, and as it is amended by the act of June 8, 1887 (Vol. 3 of Starr & C. Ill. Stats. 325), will bear no other construction than that it is mandatory.

Justice Dickey, in McIntyre v. The People, 103 Ill. 147, says: " Were it not for this proviso it might be plausibly suggested that the primary provision that the security should be approved by the court, is merely directory; but when it is said that such loans may be extended without such approval, it is necessarily implied that the original loan by the guardian must be made with the approval of the court. This being the mandatory requirement, the guardian making such loans without complying with the statute, makes the same at his own risk, and must be treated as having undertaken to assume the position of a guarantor."

Steyer v. Morris.

"It shall be the duty of the guardian to put and keep his ward's money at interest."

This is mandatory.

"The guardian shall be chargeable with interest upon any money which he shall wrongfully or negligently allow to remain in his hands uninvested after the same might have been invested."

This also is mandatory.

Justice Mulkey, in Hughes v. The People, 111 Ill. 460–1, of the opinion referring to the McIntyre case, says: "That court in effect held that the statute requiring a guardian to keep his ward's money at interest upon good security, to be approved by the County Court, is mandatory." "If loss occurs the guardian can not exonerate himself by showing he acted in good faith." "It is also objected the guardian should only be charged with simple interest. We do not think so; by putting out the money in the manner he did in violation of an express provision of the statute, he placed it beyond his power to make it bring compound interest, as it would otherwise have done if properly loaned. This violation of the statute was knowingly done, and therefore wilfully done."

So far back as 1864 the Supreme Court, in Bond v. Lockwood, 33 Ill. 221, the court, commenting upon the statute of 1845, say: "In this State the statute requires the letting to be for one year, and that the interest shall be added to the principal at the end of each year. The appellee neglected to discharge his duty in this respect, and for such neglect of duty he would have been chargeable with interest after a reasonable time had elapsed in which to make the investment. Six months from the receipt of the money has been deemed a reasonable time for that purpose."

From these opinions we take it the section of the statute referred to in the argument of appellant is mandatory in all its parts. The failure to loan the ward's money is negligence, and this negligence is the violation of a mandatory statute — negatively, it is true, but it is none the less a violation.

GREEN, J. The questions here presented arise under

Sec. 22, Chap. 64, Starr & C. Ill. Statutes, imposing the duty upon a guardian " to put and keep his ward's money at interest." Exceptions were taken by both parties to the decree below, and error is assigned by appellant for allowing interest upon uninvested funds of the ward. Appellee assigns for cross-errors the allowance of $20 attorney's fee, failing to charge the guardian with interest on balances as shown by his reports, and in considering the evidence of Steyer. Appellant's counsel contend, under the facts proven, it was error to allow any interest upon uninvested balances in the hands of the guardian, because he did not wrongfully *or negligently* fail to reinvest the same, but held the same to meet anticipated necessary expenditures for the care and maintenance of his ward, taxes, insurance and repairs. We can not sustain this contention. The record does not disclose any reason preventing appellant from loaning the ward's funds, and unless the contrary appears, the presumption is he could have done so. Appellant had the use of said funds and the receipts were always in excess of the expenditures every year, from the time he was appointed, in April, 1878, up to July 9, 1888. By his report of September, 1878, the balance in his hands was $155.36; by report of July, 1879, $108.96; by report of July 19, 1880, $143.62; by next report, May 21, 1883, $133.49; by next report, May 18, 1885, $108.42; by the report of August 16, 1886, $145.98, and by the report of July 9, 1888, $96.70. With these facts, established by appellant's own reports, and the other facts above mentioned, also appearing, the duty of appellant to put and keep his ward's money at interest, as required by said Sec. 22, is quite apparent, and failing to perform such duty he must be held liable for interest on such money after the lapse of a reasonable time allowed him to effect the loaning thereof. Rowan v. Kirkpatrick et al., 14 Ill. 1; Cummins v. Cummins, 15 Ill. 33; Bond et ux. v. Lockwood, 33 Ill. 213; Gilbert v. Guptel, 34 Ill. 112; McIntire v. The People, 103 Ill. 142; Wadsworth v. Connell et al., 104 Ill. 369. The error is not well assigned. The two cross-errors we shall notice are well assigned.

It was error to allow $20 attorney's fees as a credit to appellant. The services were rendered on his behalf in contesting the exceptions to his final report, among which was the omission to charge himself with any interest upon unexpended balances held by him, and this exception was well taken. The litigation was occasioned by his fault and the ward's estate should not be charged with the services of his attorneys in the County Court rendered for himself alone. The Circuit Court, by its decree, allowed this fee and found the balance due the ward to be only $38.82, and the court also refused to charge appellant with interest on balances shown by his reports. This was error. We have examined the record and are satisfied that, commencing with the balance of $155.36, reported September 17, 1878, and computing the interest on it and subsequent balances in his hands up to June 11, 1889, the amount due the ward, after allowing all just credits, is at least $114, the sum for which, with interest, judgment is asked on behalf of appellee. The order and decree of the Circuit Court is reversed, except so much thereof as orders the costs of the Probate Court to be taxed against the estate of Amelia Keller, and paid by the guardian *ad litem* out of assets in his hands, and except also so much thereof as orders said Theodore Steyer to pay the cost in the Circuit Court in this case; and the cause is remanded with directions to the Circuit Court to enter an order and decree that said Theodore Steyer pay to W. S. Morris, guardian *ad litem* of Amelia Keller, the sum of $124.26, and the costs of the Circuit Court in this case, and in said order and decree also provide that when said Theodore Steyer shall have so paid the same as herein ordered, to said W. S. Morris and to the clerk respectively of the Circuit Court and to the clerk of this court, the costs of this suit in this court, and shall deliver proper and sufficient receipts, evidencing such payments, to the said County Court of Pope County, he shall be discharged from further liability as guardian of said Amelia Keller.

*Reversed in part and remanded with directions.*