In the Matter of the Final Judicial Settlement of the Accounts of MATHIAS FRANK and FRANCES SCHNEIDER, as Executors, etc., of HENRY SCHNEIDER, a Deceased Executor, etc., of PETER SCHNEIDER, a Deceased General Guardian, etc., of PETER METZGER, an Infant, and also as the Deceased General Guardian, etc., of PETER METZGER.

WILLIAM H. METZGER, General Guardian, etc., Appellant; MATHIAS .FRANK and Another, as Executors, etc., of HENRY SCHNEIDER, Respondents.

*Surrogates' Courts — powers of a referee appointed by a surrogate to allow a supplemental account to be filed — clerical error of the executors, justifying an objection in order to secure an explanation of it — costs and counsel fee of the executors in such case not charged against the infant's estate — Code of Civil Procedure, § 2546.*

In a proceeding instituted by the present general guardian of an infant to compel an accounting by the executors of a former general guardian of such infant, the executors filed an account; objections were interposed to it on behalf of the infant, and the surrogate referred the matter to a referee; the executors sought to have allowed to them, among other items, the sum of $500 for the services of their attorneys in advising the executors with regard to the estate of the infant and for the preparation of the final account of the deceased guardian; this bill had not been in fact paid when the first account was rendered. Afterwards the executors paid it, and, upon their application, the referee allowed them to file a supplemental account in which the item of $500 was again set out, together with a statement that the bill was paid.

*Held,* that it was within the power and discretion of the referee to allow the executors to file the supplemental account containing a statement that the item of $500 was paid.

The powers of a referee appointed in a Surrogate's Court considered.

Where the accounts of the executors of the deceased guardian of an infant show, as filed, an apparent deficiency in the principal account of $800 and objections are interposed on behalf of the infant, with a view to having this discrepancy explained, the estate of the infant should not be charged with the costs and a counsel fee incurred by the executors in proceedings relating to such matter, where it is apparent that the contest was made necessary by an erroneous computation, upon the part of the executors, of the value of the securities which constituted the principal of the infant's estate.

APPEAL by William H. Metzger, general guardian, etc., of Peter Metzger, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 7th day of August,

1894, settling the accounts of the executors of the last will and testament of Henry Schneider, a deceased general guardian of the person and estate of Peter Metzger, an infant, and a deceased executor and trustee under the last will and testament of Peter Schneider, a former general guardian of said infant.

*William F. Randel*, for the appellant.

*John A. Taylor*, for the respondents.

WILLARD BARTLETT, J. :

This proceeding was instituted by the present general guardian of Peter Metzger, an infant, to compel an accounting by the executors of a former general guardian. The executors filed an account, to which objections were interposed in behalf of the infant, and the surrogate thereupon referred the matter to a referee to hear and determine all questions arising upon the settlement of the account, which the surrogate had power to determine, and to make a report thereon subject to confirmation or modification by the surrogate. (Code Civ. Proc. § 2546.)

Among the items which the accounting executors sought to be allowed was the sum of $500, being the amount of a bill of Messrs. Fisher & Voltz, their attorneys, for services in advising the executors in reference to the estate and in preparing the final account of the deceased guardian. Early in the proceedings before the referee it appeared that this bill had not then been paid. Subsequently, and after its payment by the executors, they asked and obtained leave from the referee to file a supplemental account in which this item of $500 was set forth again, together with a statement that the bill was paid. Some other items which do not seem to be of any importance on this appeal are included in the supplemental account.

The learned counsel for the appellant insists that the referee had no power to permit the executors to file any supplemental account at all, in the absence of the consent of all parties, unless a new citation was first issued and served.

The powers of a referee in the Surrogate's Court, under section 2546 of the Code of Civil Procedure, were discussed to some extent, but not determined by the Court of Appeals in the *Matter of Clark* (119 N. Y. 430). The Code provides that "the provisions of this

act, applicable to a reference by the Supreme Court, apply to a reference made as prescribed in this section, so far as they can be applied, in substance, without regard to the form of proceeding." (§ 2546.) Judge FINCH declared that this very general language seemed to open everything and settle nothing, but found it possible to decide the case without any interpretation of the clause thus criticised.

In the case of *Eldred* v. *Eames* (115 N. Y. 401) it was held that a referee, to whom a claim against the estate of a deceased person was referred under the Revised Statutes (2 R. S. 89, §§ 36, 37), had no authority to allow an amendment of such claim. This decision was placed on the ground that it is only the claim which has been rejected by the executor which can be referred in a proceeding of that sort, while a claim amended on the reference would be one which the defendant had never consented to refer. No such reasoning can be urged against the amendment allowed in the present case.

In the *Matter of Hart* (60 Hun, 516) the referee, upon an accounting in the Surrogate's Court, was sustained in his refusal to consider claims which the creditors sought to establish against the accounting administrators without having mentioned such claims in any way in their objections. The General Term declined to permit an amendment of the objectors *nunc pro tunc* upon the argument of the appeal, saying that the court never amended pleadings *nunc pro tunc* for the purpose of reversing a judgment, but there is nothing in the opinion relative to the referee's power to permit amendments.

Without attempting to define with exactitude the powers of a referee in the Surrogate's Court, under section 2546 of the Code of Civil Procedure, we are satisfied that the referee in the case at bar possessed authority to allow the accounting executors to file the supplemental account which appears in this record. The accounting was not a voluntary proceeding on their part, but they were brought into court upon a petition filed in behalf of the infant praying that an order be granted requiring them to show cause why there should not be a judicial settlement of the account of the guardian of whose estate they were the executors. They answered

the demand thus made against them by filing one account showing what had been done in reference to the estate of the infant up to that time. A little later, having paid the item for legal services already mentioned, the referee gave them leave to file the supplemental account, which adds little to the original except by showing the actual payment of that item. No new citation was necessary, because the parties to whom it would have issued, the executors of the deceased guardian, had already been cited and were before the court. Nor is it perceived how the action of the referee in permitting the supplemental account to be filed can have harmed the appellant. Objecting as he did to the item for legal services, he would doubtless have litigated its propriety upon a subsequent accounting if not in this proceeding, and as the expense had been incurred by the executors (a fact which appeared in the original account) it seems to us that the referee exercised a wise discretion, after payment had been made, to allow such payment to be set up in a supplemental account, as all question concerning it could thus be disposed of with the least delay to all parties interested.

We agree with the referee, also, that the services rendered by Messrs. Fisher & Voltz were fairly worth the sum paid to them, and were so useful to the estate of the infant as to be properly chargeable against it.

The only other question of fact which requires consideration grows out of the finding that the account filed by the executors does not give any explanation of an apparent shortage of $800 of principal. It is evident from the proofs, however, that this apparent shortage arose from an erroneous computation of the value of the securities constituting the original principal of $17,600, when their aggregate value was really only $16,800.

Notwithstanding that the conclusions of the referee were thus adverse to the appellant, he expressly finds that the contestant was justified in filing his objections to the account under examination. If this view is correct, and we think it is, the estate of the infant ought not to be burdened with so heavy a bill of costs as is imposed upon it by the decree appealed from. In addition to the fees of the referee and the stenographer, amounting to $754.80, costs and counsel fee, aggregating $1,025.50, are awarded to the accounting executors to be paid out of the infant's estate. There was an unexplained

discrepancy in the account, of $800, which this infant was entitled to have explained, and which alone constituted a sufficient reason for filing objections in his behalf; yet the result of allowing so large a bill of costs against the estate is to make him pay more than $800 for the explanation which was due to him as a matter of right. In view of all the circumstances, we think the sum awarded to the executors for costs, counsel fee, etc., ought to be stricken out of the decree.

Decree modified by striking out the award of $1,025.50 costs, etc., to the executors, and as thus modified affirmed, without costs of this appeal.

All concurred.

Decree modified by striking out the award of $1,025.50 costs, etc., to the executors, and as thus modified affirmed, without costs of appeal.