WEBER v. WERNER.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. ATTORNEY AND CLIENT (§ 128*)—LIABILITIES OF ATTORNEY—ACTIONS FOR MONEY COLLECTED—DEFENSES—PAYMENT.

Where the check for the amount recovered by defendant as attorney for the plaintiff was drawn to plaintiff's order and handed by defendant to plaintiff, and indorsed by him, and returned to defendant to be collected, and defendant's charges and disbursements deducted, defendant could not contend, when sued for the amount, that the action would not lie as for money collected by defendant for plaintiff; the delivery of the check to plaintiff under the circumstances not amounting to a payment of the amount collected.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 274–283; Dec. Dig. § 128.*]

2. ATTORNEY AND CLIENT (§ 174*)—LIEN—SERVICES—AUTHORITY TO FIX.

While defendant had a lien on a check for his services and disbursements, he could not fix absolutely the value of such services.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 174.*]

3. ATTORNEY AND CLIENT (§ 174*)—LIEN—REIMBURSEMENT OF EXPENSES—NECESSITY—AMOUNT.

Defendant could not determine the necessity or amount of disbursements made by him in the proceedings.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 174.*]

4. GUARDIAN AND WARD (§ 49*)—AGREEMENT—AUTHORITY OF COURT—NECESSITY.

A guardian of an infant could not, without an order of court, bind the infant's estate by an agreement with an attorney employed by the guardian to sue for money belonging to the estate as to the value of the attorney's services and disbursements for which he was entitled to be imbursed.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 49.*]

5. ATTORNEY AND CLIENT (§ 186*)—LIEN—ABANDONMENT.

An attorney employed by a guardian to recover certain funds for the infant's estate by delivering to the guardian the check drawn in the latter's favor for the amount recovered relinquished his attorney's lien

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereon for services, and hence upon its return to him by the guardian held it in trust for the latter.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 393; Dec. Dig. § 186.*]

6. ATTORNEY AND CLIENT (§ 128*)—GUARDIAN AND WARD (§ 49*)—LIABILITIES—ACTIONS FOR MONEY COLLECTED—BURDEN OF PROOF.

In an action by a general guardian to recover money claimed to have been collected by defendant as attorney for the infant's estate upon his employment by plaintiff, the burden was upon defendant to show the amount of his attorney's lien, and, on failure to do so, he could not recover against the infant or the general guardian as such for his services, but might have a personal claim against the latter.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 128;* Guardian and Ward, Cent. Dig. § 227; Dec. Dig. § 49.*]

7. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against an attorney for money collected, the admission of evidence which resulted in defendant being allowed more for his services than would otherwise have been allowed was not prejudicial to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

Appeal from Trial Term, New York County.

Action by Charles Weber, as guardian of William Gustav Fischer Parbs, an infant, against Morris J. Werner. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

E. Walter Beebe, for appellant.

Frank Herwig, for respondent.

LAUGHLIN, J. The defendant is an attorney and counselor at law, and the action is brought by the general guardian of an infant to recover moneys belonging to the infant collected by the attorney on the employment of the plaintiff. It appears that the infant had an interest in certain real property in the city of New York, which was covered by a mortgage. The mortgage was foreclosed and the surplus was paid into court, and in surplus money proceedings thereafter instituted by the defendant for the plaintiff the sum of $4,445.88 was awarded to the plaintiff as general guardian of the infant. A check was drawn for this amount by the chamberlain of the city on the Metropolitan Trust Company to the order of the plaintiff as general guardian of the infant, and it was delivered to the defendant or to plaintiff at defendant's office. The defendant requested the plaintiff to call at his office at the time the check was to be received. There is a conflict between the testimony of the plaintiff and that of the defendant with respect to what occurred when the plaintiff called pursuant to this summons. The plaintiff claims that he desired to take the check, but that at the instance of defendant he indorsed and left it with defendant on the understanding that matters between them would be adjusted the next day. The defendant claims that he sug-

gested that plaintiff take the check, but that plaintiff volunteered to indorse the check, and left it with him to deduct his charges and pay disbursements, and, on this, he predicates the further claim that the mere delivery of the check to the plaintiff, it being payable to the order of the plaintiff, constituted a payment, and that, therefore, the action cannot be maintained, for the delivery of the money to defendant by the plaintiff was not in issue.

The plaintiff alleges that the defendant collected the money, and thereafter paid to the plaintiff only the sum of $2,700, and he demands judgment for the balance, together with interest thereon. The defendant in his answer puts in issue the allegations of the complaint to the effect that he collected the money, "except that he admits that he received from the plaintiff the sum of $4,445.88." The defendant then alleges that the plaintiff, Weber, was appointed special guardian of the infant in a proceeding for leave to sell the right, title, and interest of the infant in the real estate; that pending said proceedings the foreclosure action was commenced, and the plaintiff Weber was appointed special guardian of the infant therein; that "at the special instance and request of the said Charles Weber, as such special guardian," he rendered services in said proceeding and action, the reasonable value of which was the sum of $1,350, and expended certain moneys for necessary disbursements, and also that it was agreed that he should retain the sum of $250 and apply the same on any recovery on a certain claim which has not yet been determined; that he drew a will for the infant for which he has not been paid; and that he therefore rendered an account of his services and of the value thereof, and that the plaintiff paid the same and the disbursements and said $250.

On the trial the plaintiff proved the employment of the defendant, and the receipt, indorsement, and delivery of the check as herein stated, and testified that he called at the office of the defendant the day after the check was indorsed pursuant to their agreement, and that defendant then delivered a check to him for the sum of $25, which as he claims, the defendant informed him was allowed by the court for boarding and clothing the infant and another for $2,700, and insisted on retaining the balance of the money for his own services and for other attorneys and for disbursements, and refused to even give plaintiff a statement of the charges and disbursements to enable him to account therefor as general guardian. The plaintiff conceded that the defendant was entitled to retain the sum of $250 subsequently disbursed at his request and the amounts of certain other disbursements, but he claims to have demurred at the time to the deductions made for defendant and for other attorneys for legal services. The defendant claims that plaintiff assented to the charges and deductions. As soon as it appeared that the check was delivered to and endorsed by the plaintiff, the defendant objected to any further conversation between the parties, and claimed "that is the end of the transaction." The objection was overruled, and the court allowed the conversation. The defendant contends that this was error. The position taken by the defendant as an attorney employed by the guardian of the infant

was not only untenable, but it deserves censure. The defendant in effect contends that he claimed no lien on the check, and delivered it unconditionally to the plaintiff, and that the plaintiff voluntarily delivered it back to him, and that since this action is brought not to recover moneys delivered by plaintiff to defendant, but moneys collected by defendant for plaintiff, it cannot be maintained.

Assuming that the plaintiff did voluntarily release and deliver the check to his attorney, that does not show payment of the moneys belonging to the infant to his general guardian. The claim that by this transaction the general guardian received the moneys belonging to his ward is so technical and without merit that it gives rise to a suspicion concerning the good faith of the argument. It is perfectly manifest that the defendant collected the check and received the money which belonged to the infant. The defendant then doubtless had a lien thereon for his services and disbursements, but he could neither fix the value of the former nor the necessity or amount of the latter, nor could the guardian without the sanction of the court bind the estate of the infant by any agreement with the defendant concerning these matters. On the defendant's own theory of the case, he relinquished his lien, and then received this trust fund from the plaintiff. On that theory the plaintiff would have been entitled to recover the whole amount of the fund with interest. The most favorable view to the defendant of which the case is susceptible is that he collected these moneys, and had a lien thereon. When sued for the moneys, the burden was on him of showing the amount of his lien, and, on his failure to do so, he has no claim against the infant or his general guardian as such, but might have a personal claim against the general guardian individually. Kent v. West, 33 App. Div. 112–118, 53 N. Y. Supp. 244; Rogers v. Wendell, 54 Hun, 540, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515. See, also, Kowing v. Moran, 5 Dem. Sur. 56; Matter of Flint, 15 Misc. Rep. 598, 38 N. Y. Supp. 188; Vilas v. Page, 106 N. Y. 439–451, 13 N. E. 143, and Grant v. Humbert, 114 App. Div. 462, 100 N. Y. Supp. 44.

The defendant took the stand in his own behalf, but failed to offer any evidence with respect to the value of his services, and he objected to evidence on that subject offered by plaintiff. The plaintiff by his own testimony and by cross-examining the defendant attempted to show the services that were rendered, and then called a member of the bar in rebuttal who gave testimony tending to show the reasonable value of the services. It is claimed that this evidence was incompetent on account of the form of the question propounded to the expert. The objection would be well taken were it not for the fact that it was not incumbent upon the plaintiff to show the value of the defendant's services, and the evidence was not prejudicial to the defendant, for it resulted in his being allowed $170 more than otherwise would have been deducted. The amount of all disbursements, to which the defendant was entitled, was deducted, and a verdict was directed in favor of the plaintiff for the balance less the sum of $170 allowed for services.

The judgment and order should be affirmed, with costs. All concur.