DANIEL GREEVER, BELLE GREEVER and GEORGE C. FORRESTER, Appellants, v. W. FRANK BARKER and AMOS HILBRANT.

Division One, December 31, 1926.

**1. GUARDIAN: Death of Ward: Estate.** Guardianship **ipso facto** terminates upon the death of the ward, and the guardian thereupon becomes a mere custodian of the ward's property, and must immediately settle his accounts and deliver the estate and effects to the ward's legal representative.

2. ———: ———: **Allowance of Account.** The allowance of a demand against the guardian of a deceased ward, by the probate court, in so far as it affects the estate of the ward, is a complete nullity.

3. ———: **Contract to Bind Ward's Estate.** A guardian has no authority to bind the person or estate of his ward unless expressly empowered by statute to do so, and there is no law authorizing the guardian of a person of unsound mind to bind his ward's estate by a contract with third persons to the effect that, if they would enter upon the ward's land, pay the taxes and the interest on a mortgage debt and keep and care for the ward, the money paid out, with interest, less the rental value of the land, would be, upon the ward's death, refunded to them, and in addition they should then be compensated in an amount equal to the reasonable value of their services. If the income arising from the ward's estate is not sufficient for his support or to pay prior mortgages, the probate court may order the whole or any part of the ward's estate to be leased, mortgaged or sold, but only in the manner prescribed by statute. But neither the guardian nor court has authority to farm out the ward's estate, during the life of the ward, and pledge the assets of the estate for the payment, at the ward's death, of the reasonable value of services that shall have been rendered the ward during his lifetime, or for the refund of money that shall have been advanced to him for his support or to pay prior mortgages on his estate.

4. ———: **Services Rendered Deceased: Compensation on Equitable Grounds: Bar.** A husband and wife who cared for and rendered services to a person of unsound mind, under a void contract with his guardian by which they were to be compensated out of the ward's estate upon his death, are not entitled on equitable principles to be paid by an allowance against his estate where (1) their claim has been finally adjudicated by another court of competent jurisdiction, or (2) their suit was barred by both general and special statutes of limitations long before its institution.

Corpus Juris-Cyc. References: **Insane Persons,** 32 C. J., Section 284, p. 665, n. 38; Section 297, p. 667, n. 26; Section 383, p. 693, n. 4, 6, 14 New; Section 385, p. 694, n. 19, 20, 31 New; Section 404, p. 699, n. 71; Section 441, p. 710, n. 85 New; Section 450, p. 713, n. 58 New.

Appeal from Scotland Circuit Court.—*Hon. N. M. Pettingill,* Judge.

AFFIRMED.

*J. C. Dorian* and *John M. Jayne* for appellant.

(1) When a petition is attacked by a general demurrer, all the facts well pleaded and all the inferences of fact that may be fairly and reasonably drawn from the facts pleaded, must be taken as true. If facts essential to a recovery are pleaded, however inartificially or defectively, a general demurrer thereto will not lie. American Brewing Co. v. St. Louis, 187 Mo. 367. (2) Our statute provides when a man dies under guardianship the guardian must at once make his settlement with the administrator, as the administrator takes charge of the property. (3) The respondents claim the trial court was right, and cite the case of Greever v. Barker, 204 Mo. App. 190. That

case does not apply to this present case. It only decides that plaintiffs could not recover against the administrator. But our petition in this case is a different case, where she has judgment against the guardian in the probate court. The probate court is a court of record, and it had jurisdiction of the subject-matter and of the parties.

*J. E. Luther* and *Campbell & Ellison* for respondents.

(1) Forrester is not guardian of Aaron Hilbrant. The petition shows that he was attempted to be appointed after the decision of the Court of Appeals. This was five years after Hilbrant's death. There having been no guardian, of course there could be no allowance against him and in favor of the Greevers. (2) The appellants have no interest in the land or in its proceeds. The guardian never acquires title to his ward's land, and he cannot make a contract affecting the title to his ward's land without authority of the probate court. Secs. 502, 503, 504, R. S. 1909; Secs. 472, 473, 474, R. S. 1919. (3) Appellants have no interest in the money. If the administrator had the right to sell the land he has the right to retain the money, and distribute it under the order of the probate court. If he had no right to sell, the purchaser might get no title, but the administrator would be entitled to retain the proceeds, so far as appellants are concerned. The sale is not subject to collateral attack. Stark v. Kirchgraber, 186 Mo. 633. (4) The petition shows on its face that appellants claim is barred by limitation. It is also barred by Sec. 468, R. S. 1919, and Sec. 498, R. S. 1909. The claim was not presented until after the former case was disposed of in the Court of Appeals. This was on July 10, 1920, more than five years after Hilbrant's death. Greever v. Barker, 204 Mo. App. 190. All demands not thus exhibited and presented to the court for allowance in one year after the appointment of the first guardian shall be forever barred. Sec. 468, R. S. 1919; Sec. 498, R. S. 1909. (5) This defense did not need to be pleaded. This is an equity suit brought by the man who should make the defense of limitations and in which he joins himself with his adversary. The defense is pleaded in so far as they are concerned. Besides the statute is mandatory and the judgment is void on its face.

RAGLAND, P. J.—This appeal is from a judgment on a general demurrer to each count of the following petition:

"Plaintiffs for a cause of action and amended petition, state that plaintiffs, Daniel Greever and Belle Greever are husband and wife.

"Plaintiffs further state that on the 6th day of January, 1908, plaintiff, George C. Forrester, was duly appointed guardian of the person of Aaron Hilbrant, and as such guardian gave bond, inventoried the property of said ward and acted as such guardian, and that

all the property that belonged to said ward was a small farm consisting of about eighty acres located in Tobin Township in Scotland County, Missouri; that on said farm was a mortgage, and in order to keep a home for said Aaron Hilbrant, he did not sell the real estate but he kept the same for a homestead for the said Aaron Hilbrant to live and that he arranged with his co-plaintiffs to keep said Aaron Hilbrant, and to occupy the land and it was all the property that said Aaron Hilbrant had; that they was to pay all the interest on the land and to furnish said Aaron Hilbrant his clothing, medicine and in fact to keep him and pay his expenses and when he died, the farm to be sold and they would receive for the money and the care and attention of said Aaron Hilbrant what would be reasonable and right and for said services, the same would be an interest in said lands and for the proceeds thereof, and that they were to give credit for the reasonable value for the rental of the farm, and they to keep the farm up, that is the fencing, etc. That the arrangement was entered into and continued up until the time of the death of said Aaron Hilbrant, which occurred on or about the 24th day of June, 1915.

"Plaintiffs state that on the death of said Aaron Hilbrant the defendant, W. Frank Barker, who was then public administrator of said county and State, attempted to take charge of the estate of said Aaron Hilbrant, deceased, but this plaintiff, George C. Forrester, was never legally discharged as said guardian by the Probate Court of Scotland County, Missouri, and that the plaintiffs, Greever and Greever, were informed and believed that the said defendant W. Frank Barker, who was attempting to act as such administrator, to sell the farm of deceased and was going to pay the debts due from said Aaron Hilbrant, and that these plaintiffs, Greever and Greever, relying and believing the same to be a fact, presented their claim against said defendant, as administrator, and the same was allowed in the sum of $2308.41, but that the same was appealed by the defendants herein to the Kansas City Court of Appeals and that the said Kansas City Court of Appeals reversed the decision and finding of the lower court, claiming that these plaintiffs, Greever and Greever, should have presented their claim against the guardian and on the rendering of the decision, the said plaintiffs, Greever and Greever, have since presented their claim against George C. Forrester, as guardian of said Aaron Hilbrant, and had the same allowed on the 15th day of September, 1920, for the sum of $1869.44 by the Probate Court of Scotland County, Missouri.

"Plaintiffs further state that the Probate Court of said Scotland County, State of Missouri, by its order of record and in accordance with said decision of said Appellate Court, has duly appointed, reinstated and selected the plaintiff, George C. Forrester, as guardian as aforesaid of the said Hilbrant, and for him to proceed and wind up

his said guardianship, and pay the legal debts due from said ward, and against said guardianship, but said guardian never having been heretofore, at any time, legally discharged by the Probate Court of Scotland County, Missouri.

"Plaintiffs further state that the said George C. Forrester, at the time of his appointment as guardian as aforesaid, inventoried the following described lands, situated in Scotland County, Missouri, being 78 acres, a part of the west half of the northwest quarter of Section Twenty-six Township Sixty-four of Range Twelve West, and that he is entitled to the possession of the same, as guardian aforesaid, for the purpose of paying the expenses and debts and claims proved up against him as such guardian in the Probate Court of Scotland County, Missouri, which claims are legal and just and should be paid out of the estate and property of said Aaron Hilbrant, and that defendant, Amos Hilbrant, afterwards on the — day of——, 1920, entered into such premises and now unlawfully withholds from this plaintiff, George C. Forrester, the possession thereof, to his damage in the sum of one hundred dollars.

"Plaintiff, George C. Forrester, further states that he is entitled to the possession of said lands as guardian aforesaid, and that the monthly value of the rents and profits of said lands is fifteen dollars.

"Wherefore the plaintiff, George C. Forrester, demands judgment for the possession of said lands together with damages and costs.

## "Second Count.

"Plaintiffs for a further cause of action and amended petition, state that plaintiffs Daniel Greever and Belle Greever, are husband and wife.

"Plaintiffs further state that on the 6th day of January, 1908, plaintiff George C. Forrester was duly appointed guardian of the person and estate of Aaron Hilbrant, and as such gave bond, inventoried the property of his said ward and acted as such guardian, and that all the property that belonged to his said ward was a small farm consisting of about eighty acres, located in Tobin Township, Scotland County, Missouri, that said farm was mortgaged, and in order to keep a homestead for said Aaron Hilbrant, he did not sell the real estate, but kept the same for a home for said Aaron Hilbrant to live in, and that he arranged with his co-plaintiffs to keep said Aaron Hilbrant, and to occupy the land, and as it was all the property that said Aaron Hilbrant had, they were to pay all the interest on said loan and to pay the taxes on the land and to furnish said Aaron Hilbrant with clothing, medicines, and in fact to keep him and pay his expenses, and when he died, the farm would be sold and they would receive for the money and care and attention of said Aaron Hilbrant, what would be reasonable and right for their said services.

and they were to give credit for the reasonable value for the rental of the farm, and they were to keep said farm and the proceeds thereof; that this arrangement was entered into and continued up until the death of said Aaron Hilbrant, which occurred about the 24th day of June, 1915.

"Plaintiffs further state that on the death of said Aaron Hilbrant the defendant, W. Frank Barker, who was then Public Administrator of Scotland County, Missouri, attempted to take charge of the estate of the said Aaron Hilbrant, deceased, but that the said guardian, George C. Forrester, never having been heretofore, at any time, legally discharged by the Probate Court of Scotland County, Missouri, and that these plaintiffs, Greever and Greever, were informed that said W. Frank Barker, who was attempting to act as administrator to sell the farm of deceased, was going to pay all the debts due from said Aaron Hilbrant, and that the plaintiffs, Greever and Greever, relying and believing the same to be a fact, they presented their claim against said administrator, and the same was allowed in the sum of $2308.44, but that the same was appealed by the defendants herein to the Kansas City Court of Appeals, and that the Kansas City Court of Appeals reversed the decision and finding of the lower court, claiming that these plaintiffs, Greever and Greever, should have presented their claim against the guardian, and on rendering of the decision Greever and Greever have presented their claim against George C. Forrester, as guardian of said Aaron Hilbrant, and had the same allowed on the 15th day of September, 1920, for the sum of $1860.44, by the Probate Court of Scotland County, Missouri.

"Plaintiffs further state that the probate court of said county and State by its order of record and in accordance with said decision of said Appellate Court, has duly appointed, reinstated and selected the plaintiff, George C. Forrester, as guardian aforesaid, of said Hilbrant and for him to proceed and wind up his said guardianship and pay the legal debts due from said ward and against the said guardianship.

"Plaintiffs further state that the said George C. Forrester at the time of his appointment as such guardian, as aforesaid, inventoried the following described land, situated in Scotland County, Missouri, being the land belonging to his said ward, to-wit: Being 78 acres, a part of the west half of the northwest quarter of Section Twenty-six Township Sixty-four of Range Twelve West, and that he is entitled to a lien against the same as guardian as aforesaid, for the purpose of paying the expenses and debts and claims proved up against same as such guardian in the probate court of said county, and State, which claims are legal and just and should be paid out of the estate and property of Aaron Hilbrant, and especially said lands.

"Plaintiffs further state that the defendant, Amos Hilbrant, claims title, estate or interest in and to said lands, the nature and character of which is unknown to the plaintiff, except he claims he purchased said lands from said defendant, Baker, as administrator, aforesaid, and paid him for same, and that said Barker now has in his hands the money for said lands, amounting to the sum of thirty-five hundred dollars, and more than enough to pay the debts due from said Aaron Hilbrant's estate, and that the plaintiff should have a lien against same to the amount of their debt and claim, as aforesaid, should the court find that they should not recover said lands.

"Wherefore these plaintiffs pray the court to try and ascertain and determine the estate; that the interest of the parties, plaintiffs and defendants herein severally in and to the aforesaid mentioned real estate or money as aforesaid, and the court ascertain and determine by its judgment or decree define and adjudge the title, estate and interest to the several parties herein, to said property, estate and money that the court render judgment accordingly and for general relief."

The pertinent facts set forth in the two counts of the petition, either by express averment or by necessary implication, may be succinctly stated as follows:

On the 6th day of January, 1908, the Probate Court of Scotland County adjudged one Aaron Hilbrant to be a person of unsound mind and incapable of managing his affairs and thereupon appointed George C. Forrester his guardian. Forrester after giving bond and otherwise qualifying as guardian took charge of the estate of his ward and caused the same to be inventoried. The estate consisted solely of a small farm of eighty acres, in Scotland County, which was encumbered by a mortgage. Shortly after entering upon his duties as guardian Forrester entered into an arrangement with plaintiffs Daniel Greever and Belle Greever, husband and wife, whereby they were to go upon Hilbrant's farm and provide Hilbrant with a home. According to the terms of such arrangement and agreement: "they were to pay all the interest on the land and to pay the taxes on the land and to furnish said Aaron Hilbrant his clothing, medicine and in fact to keep him and pay his expenses and when he died, the farm to be sold and they would receive for the money and the care and attention of said Aaron Hilbrant what would be reasonable and right for said services, the same would be an interest in said lands and of the proceeds thereof, and that they were to give credit for the reasonable value for the rental of the farm, and they to keep the farm up, that is the fencing, etc." The agreement was fully performed on the part of the plaintiffs, Greevers. Hilbrant died on or about the 24th day of June, 1915.

Upon Hilbrant's death, defendant Barker, Public Administrator of Scotland County, took charge of and entered upon the administration of his estate. Plaintiffs Greevers exhibited to him and presented to the probate court for allowance a claim arising under their contract with Forrester as guardian. Their demand was allowed in the sum of $2308.41. The administrator by successive appeals took the cause to the Kansas City Court of Appeals, where the judgment in favor of the Greevers and against Hilbrant's estate was reversed outright. The decision of the Court of Appeals was put upon the ground that claims against the guardian of an insane person, or which arose under the guardianship, could not after the death of the ward be carried forward and allowed as demands against his estate in the hands of his administrator. [Greever v. Barker, 204 Mo. App. 190.]

According to an allegation of the petition Forrester had never been "legally discharged" as guardian at the time the decision just referred to was rendered by the Kansas City Court of Appeals. From this it may be assumed that he had never made a final settlement and been formally discharged of record. At any rate the probate court by its order "reinstated" him and directed him to "wind up his said guardianship and pay the legal debts due from said ward, and against said guardian." Thereafter, plaintiffs, Greevers, "presented their claim against George C. Forrester, as guardian of said Aaron Hilbrant, and had the same allowed . . . in the sum of $1860.44 by the probate court."

At some time prior to the bringing of this suit defendant Barker, as administrator of the estate of Aaron Hilbrant, deceased, sold the eighty acres of land constituting the estate of his intestate to defendant Amos Hilbrant for the sum of $3500. Amos Hilbrant is now in possession of the land and Barker still retains the proceeds arising from the sale of the land.

On the foregoing facts plaintiff Forrester, in the first count of the petition, asserts that he is entitled to the possession of the eighty acres of land "for the purpose of paying the expenses and debts and claims proved up against him as such guardian in the probate court." In the second count, plaintiffs ask that the funds arising from the administrator's sale of the land be impressed in his hands with a lien in their favor "to the amount of said debt and claim."

It is perfectly clear that the first count of the petition does not state a cause of action. Forrester's guardianship *ipso facto* terminated upon the death of his ward. He was thereby shorn of all the powers of a guardian. He became a mere custodian of his former ward's property. The sole function remaining to him was to "immediately settle his accounts and deliver the estate and effects of his ward to his personal representatives." [Sec. 491, R. S. 1919.]

Going to the second count. It is obvious that the allowance of the demand "against George C. Forrester, as guardian of said Aaron

Hilbrant,'' by the probate court was, so far as the estate of Aaron Hilbrant, deceased, is concerned, a complete nullity. Forrester, the former guardian, no longer represented the estate and the administrator was not a party to the proceeding. But putting aside that phase of the case and attending to its larger aspects, it is doubtful whether there is any liability resting upon the estate of Aaron Hilbrant, deceased, by virtue of the contract made between Forrester, when guardian, and the plaintiffs George and Belle Greever. Generally speaking, a guardian whether of a minor or of an incompetent has no authority whatever to bind either the person or the estate of his ward by contract. [Grove v. Reynolds, 100 Mo. App. 56; Reading v. Wilson, 38 N. J. Eq. 446.] More specifically: "Neither guardians, nor the courts having jurisdiction over the estates of incompetent persons, have power to bind the person or the estate of such persons unless expressly authorized to do so by law.'' [Andrus v. Blazzard, 23 Utah, 233.] In this State the powers and duties of probate courts and guardians appointed by them, with respect to the person and estate of insane persons, are prescribed by Article XVIII, Chapter 1, Revised Statutes 1919, and that article will be searched in vain for authority on the part of a guardian to make any such contract as was attempted to be made in this case. The statute seems to contemplate that the guardian in providing support and maintenance for his ward shall proceed on an approximately cash basis, and under the immediate direction and supervision of the probate court. If the income arising from the ward's estate is not sufficient, the court may order the whole or any part of the estate to be leased, mortgaged or sold. But the mode to be pursued in leasing, encumbering or selling is definitely prescribed. In none of its provisions is there any warranty for a guardian to farm out his ward's estate, during the life of the ward, and pledge the assets of the estate for the payment, at the end of the period, of the reasonable value of the services that shall have been rendered and a refund of the moneys that have been advanced in that behalf. Clearly the contract in question is unenforcible against the estate of Aaron Hilbrant, deceased.

Appellants, Greevers, contend, however, that on account of the benefits received by Aaron Hilbrant at their hands in the way of support and maintenance during the last eight years of his life, they are entitled on equitable principles to be reimbursed out of the assets of his estate. There are now two insuperable obstacles to a recovery on that or any other theory. First, there is an adjudication against them. [Greever v. Barker, supra.] And second, their claim at the time of the institution of this suit was barred by both the special and the general Statute of Limitations.

The judgment of the circuit court is affirmed. All concur, except *Graves, J.,* absent.