## JORDAN *v.* HANSON.

The granting of an appeal by a justice of the peace, is a judicial act, and he is not liable to an action for erroneously refusing to grant it.

CASE by Edgar A. Jordan against Richard Hanson. The defendant demurred. The substance of the declaration was, that defendant was a justice of the peace, that upon complaint of one Blakely, charging plaintiff with disturbing a religious meeting, one Ray, a justice of the peace, issued his warrant, upon which plaintiff was ar-

rested, and brought before defendant, to answer.to said complaint; that plaintiff was convicted, and sentenced by defendant to pay a fine of seven dollars and costs, and to recognize to keep the peace for one year, and stand committed until the sentence be performed; that plaintiff finding himself aggrieved by the said conviction and sentence, intended to appeal, and at the time of declaring the sentence, applied to defendant and gave him notice, and did claim, before, and of defendant, an appeal, and offered security of good and sufficient persons as sureties, and offered to enter into recognizance to appear and prosecute his appeal, and abide the order of the court, and in the meantime to be of good behavior, and did tender to defendant, seventeen cents for granting such appeal, and fifty-one cents for taking such recognizances to receive which, defendant wholly refused; that although it was the duty of defendant to have taken such security, and to have granted such appeal, "nevertheless the said defendant, not regarding the statute in that case made and provided, nor his duty in that behalf, but contriving and wrongfully intending unjustly to aggrieve and oppress the said plaintiff in his behalf, and to prevent and hinder him from making his appeal against said conviction and sentence, and from getting such conviction quashed and reversed, and to deprive him of large sums of money, against his duty as justice of the peace, and contrary to the statute in such case made and provided, and the laws of the land, absolutely refused to take or accept the security so offered as aforesaid, or any security whatsoever, and absolutely refused to allow the appeal so claimed as aforesaid," by means whereof the plaintiff was prevented from making and prosecuting his appeal, and was arrested and imprisoned, until the plaintiff, in order to procure his release from imprisonment, was forced to pay and did pay $19.46 in satisfaction of said sentence and the costs and charges.

The questions raised by the demurrer are reserved.

The further question is reserved whether this action can be maintained if the plaintiff pleaded guilty to the complaint, and if defendant believed that plaintiff was not entitled to an appeal after pleading guilty, and if defendant in refusing to allow an appeal acted in good faith upon such belief.

*Dudley*, for plaintiff.

First, no judge is answerable in a civil action on account of any judgment rendered by him as judge, but if the judge has assumed to act as such in a case when he has no jurisdiction, his character of judge furnishes him no protection.

" The jurisdiction of courts and others exercising judicial powers may be very general or very limited, limited as to place, as to person, as to subject matter, and as to course of proceedings, and a failure of jurisdiction in any of these respects is fatal to any defence which rests on the assumption that the party attempted to be charged was acting in a judicial capacity." *Burnham* v. *Stevens*, 33 N. H.

247.    That the defendant acted beyond his jurisdiction is evident from Gen. Stat. 487, ch. 240, secs. 2, 3 and 4.

Second, as to " whether this action can be maintained if the plaintiff pleaded guilty to the complaint, and if defendant believed that plaintiff was not entitled to an appeal after pleading guilty, and if defendant in refusing to allow an appeal acted in good faith upon such belief," the same reasoning will apply.    The statute gives the justice of the peace final jurisdiction only when the fine is fixed by law.    Gen. Stat. 479, ch. 234, sec. 7.

The statute nowhere fixes the price for disturbing a religious meeting at seven dollars, and here again the defendant acted beyond his jurisdiction.    As to the justice, acting in good faith, we say the right of appeal is expressly given to defendants to protect them from an ignorant or malicious magistrate, and he cannot urge good faith or error of judgment so often alluded to in the defendant's brief, for " *ignorantia legis neminem excusat.*"

*O. P. Ray,* for defendant.

1.    Can this action be maintained for refusing to grant the appeal?  Our answer is, it cannot for the following reasons :

The defendant was a judicial officer, and the act was a judicial one, within the scope of his authority.

The refusal to allow the appeal, at most, was but an error of judgment.    A judicial officer should act on his own free, unbiased convictions.    He is bound only to decide according to his convictions of right ; and he does this, when he decides according to the conclusions of his own mind ; although another mind might come to a different conclusion from the same state of facts.

2.    The act of deciding was a judicial one ; for a judicial act is a decree of a court of justice, or a decree relating to, practiced in, proceeding from, or issued by, a court of justice ; or a judge exercising judicial authority, or by any other judicial tribunal.

The decree, overruling plaintiff's application for an appeal, was an order of, and proceeded from, a court of justice, by a judge exercising judical authority.

3.    No person (judicial officer,) is liable in a civil action for acts done within scope of his judicial authority.    *Evans* v. *Foster,* 1 N. H. 374, 377 ; *Burnham* v. *Stevens,* 33 N. H. 347, 358.

4.    No malice, fraud, or corruption is alleged, but a *wrongful refusal.*

5.    The further question is, whether this action can be maintained if plaintiff pleaded guilty to the complaint, where defendant, in good faith, believing he was not entitled thereto, refused to allow an appeal.

We think the same reason applies with greater force here, than if an examination was had on a plea of " not guilty."    It was within the discretion of the court, to which the application was made, to allow or refuse it.    It can be nothing more than the arrival at a

certain conclusion from a given state of facts; and if the plaintiff was under that entitled to an appeal, the conclusion arrived at was only different from what another person might have reached.   It was only an error of judgment.   It is a novelty in the history of courts, for a person to confess a crime, then ask to try the question, whether he told the truth or not, before a higher court.

BELLOWS, C. J.   It must be considered as well settled in New Hampshire, that a judge is not answerable in a civil action on account of any judgment rendered by him, in a case within his jurisdiction. *Evans* v. *Foster*, 1 N. H. 374; *Burnham* v. *Stevens*, 33 N. H. 247.

In the later case, the same doctrine was applied to a justice of the peace, who had imposed a fine upon a person for a contempt in refusing to give his deposition when duly summoned.   Then an action of trespass was brought against the magistrate, and it was decided that he was not answerable in a civil action for anything done by him in the discharge of his official duties; holding that the court would not re-examine the merits of the question decided by the magistrate, so long as he had not over-stepped his jurisdiction.

The general doctrine is well sustained by the authorities.   In respect to judges of superior courts of general jurisdiction, it is perfectly well established, that they are not liable to answer personally in a civil action for any act done by them in their judicial capacity; *Miller* v. *Leare*, 2 Black. 1141; *Gates* v. *Lansing* 5, Johns. 282.   In that case, Kent, C. J., says that the protection is absolute and universal.   In *Cunningham* v. *Bucklin*, 8 Cow. 178, where the authorities are examined, it is held that a suit cannot be maintained against a judicial officer even if he acts corruptly.   See, also, Floyd & Barker's case, 12 Co. 23, and the case of the Marshalsea 10 Co. 68, 76 a.

In respect to courts of limited jurisdiction, having power to hear and determine, the justices are protected as to errors in judgment so long as they act within their jurisdiction.   In *Basten* v. *Carew & al.*, 3 B. & C. 649, which was trespass against two magistrates for giving plaintiff's landlord possession of a farm, as a deserted farm, the defendants produced a record of their proceedings under the act of parliament, setting forth the necessary circumstances to give jurisdiction, and showing that they had pursued the directions of the statute.   It was held that this was a conclusive answer to the action; and Abbott, C. J., is reported to have said: " It is a general rule and principle of law, that where justices of the peace have an authority given to them by an act of parliament; and they appear to have acted within the jurisdiction so given, and have done all they are required by the act to do, in order to originate their jurisdiction, a conviction drawn up in due form and remaining in force, is a protection in any action brought against them for the act so done."

In the cases of *Gates* v. *Lansing*, *Floyd & Barker's* case, and the case of the Marshalsea, note 3, before cited, a variety of decisions are quoted, where magistrates, acting within their jurisdiction, are

protected.    The case of *Brittean* v. *Kennard*, 1 Brod. & Bing. 432,
is a strong one in that direction.    There the magistrates directed the
seizure of a boat with gunpowder on board, under an act of parlia-
ment, and the owners brought trespass; alleging that the craft was
a *vessel*, and not a *boat*, and so the defendants had no jurisdiction;
but it was held that no defect appearing on the face of the conviction
that the decision of the magistrates was conclusive, that the craft was
a *boat* within the meaning of the act.    *Evans* v. *Foster*, 1 N. H. 374,
before cited, was case against a justice of the peace for demanding
excessive bail for his appearance at the superior court to answer to a
charge for perjury.    The court was of the opinion that the bail was
not excessive, and at the same time expressed great doubts whether
the magistrate would be liable, if it had been excessive, holding
such magistrate to be a judicial officer, and as to liability in this
respect, standing upon a similar ground with members of a higher
court.    The reasoning in fact all goes to show that as a judicial officer,
the magistrate is not liable in such action for demanding excessive
bail, and so is the head note.

In *Bigalow* v. *Strauss*, 19 Johns. 39, the doctrine is fully
sustained.    See *Downing* v. *Herrick*, 47 Maine 462.    The general
principles here advanced are sustained in *Fox* v. *Whiting*, 33 N. H.
519, where it was held that a magistrate was not liable to the penalty
for taking illegal fees, because he included in his sentence for costs
an item for an attorney fee, and the respondent was held in custody
on his warrant until it was paid.

The remaining question is, whether this protection extends to the
case of granting or refusing an appeal by a justice of the peace.    In
discharging this duty, the magistrate must determine whether the
right of appeal exists; whether it is demanded in due time; and
whether the security offered is, in form and subtance, sufficient;
and these acts are judicial in their nature.    In many, and indeed most
cases, the right of appeal may be clear; but in some instances the
question is difficult, and requires the exercise of a sound judicial
discretion and judgment; and to hold a justice of the peace answer-
able in a civil action for an error or mistake in the exercise of his
judgment, would be utterly inconsistent with the long-established
policy of the law, and totally subversive of the independence of that
class of judicial officers.    In these domestic tribunals, the public
have a deep interest; and it is very obvious that without this
protection, their independence and usefulness could not long be
preserved.

In *State* v. *Towle*, 42 N. H. 546, it was held that the granting of
an appeal was a judicial act; to which was cited *Ticknor* v. *Hewson*,
2 Green (N. J.) 26.    So in *Chickering & al.* v. *Robinson*, 3 Cush.
543, it was decided that the taking of a recognizance to prosecute an
appeal was a judicial act, and that an action on the case for the taking
of an insufficient recognizance could not be sustained; and the same
decision was made in *Way* v. *Townsend*, 4 Allen 114.    In *State* v.
*Dunnington*, 12 Md. 340, it was held that the duty imposed upon

commissioners, of taking a bond of a collector of taxes, was judicial and not ministerial. In *Weithermen* v. *Howe*, 30 Mis. (9 Jones) 420, it was held that the acts of a justice of the peace from the beginning to the end of a suit, including the issuing of the execution, are judicial and not ministerial. There the action was for so issuing the execution that it was void; and it was held that it would not lie. In *Lancaster* v. *Lane*, 19 Ill. 242, it is said that courts will go far to sustain a justice of the peace in all cases where he has jurisdiction, however erroneously he may have exercised it; and again if he has jurisdiction, his acts, though never so erroneous, will not make him a trespasser; his judgment is conclusive until reversed. In this case he had, upon view of an assault and battery, ordered a person into custody for trial. In *Downer* v. *Lent*, 6 Cal. 24, it was held that a board of pilot commissioners are a *quasi* judicial body, having duties requiring the exercise of judgment, and that they are not civilly answerable for their acts; laying down the doctrine that wherever the law is obliged to trust to the discretion of an officer, public policy demands that he should be protected from any consequences of an erroneous judgment. In this case, a pilot was dismissed by the commissioners. It has been held that the granting of an appeal is a ministerial act, and at the same time it was held that the magistrate would not be liable in a civil action for error of judgment, unless he was shown to have acted corruptly. *Tyler* v. *Alford*, 38 Maine 530. And upon this ground even, the demurrer must be sustained; for there is no allegation that the defendant acted corruptly. We think, however, that the duty of granting or refusing an appeal, is in its nature judicial, as held in *State* v. *Towle*, before cited; and, therefore, there must be

*Judgment on the demurrer, for the defendant.*