[No. 3146.   June 8, 1926.]

STATE v. CAPITAL CITY BANK.

NEW ENGLAND NAT. BANK v. FIRST NAT. BANK OF SANTA FE.

[246 Pac. 899.]

### SYLLABUS BY THE COURT

In determining the time within which a cost bond must be filed, an order in writing signed by the district judge, allowing an appeal, becomes effective as the judgment of the court when the same is filed with the clerk, for entry in the record, and not on the date of the signing of the order.

Appeal from District Court, Santa Fé County; Holloman, Judge.

Receivership proceeding by the State against the

---

[1] 3 CJ p. 1056 n. 86; p. 1078 n. 3; p. 1183 n. 1 New: 34 CJ p. 44 n. 57; p. 45 n. 58, 59, 60; p. 52 n. 42; p. 55 n. 57, 68.

Capital City Bank of Santa Fé, in which the First National Bank of Santa Fé was appointed receiver. From an adverse judgment on its claim, the New England National Bank appeals. On the receiver's motion to dismiss the appeal. Motion denied.

Mechem & Vellacott, of Albuquerque, for appellant.

E. R. Wright, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, C. J. An order allowing an appeal was signed by the district judge on January 16, 1926. This order was filed in the clerk's office for entry on January 18, 1926. The cost bond on appeal was filed with the clerk on February 17, 1926, being 32 days after the order allowing the appeal was signed by the district judge, and being just within the 30 days after the entry of the order. A motion has been filed by appellee to dismiss the appeal on the ground that the cost bond was not filed within 30 days "from the time of taking such appeal," as is required by section 15, c. 43, Laws 1917. The question then is as to when this appeal was taken within the meaning of our Procedure Act (chapter 43, Laws 1917).

The right of appeal, generally, is regulated by section 1 of the Procedure Act, which is as follows:

"Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court of the State."

This section clearly provides merely for the right of appeal and the time within which the right may be exercized. It does not purport to provide the procedure whereby the right may be secured.

Section 3 of the act provides the procedure. It provides:

"Appeals, as in this act provided for, shall be allowed upon application to the district court in which the judgment, order, decision or conviction is rendered."

It thus appears that the appeal is obtained, secured and effectuated by means of the order of allowance by

the court. The order of allowance in this case, as before seen, was obtained on January 16, but was filed for record in the clerk's office on January 18. The ultimate question then is as to when this order of allowance of the appeal became the judgment of the court, when it was signed by the judge, or when it was filed by the clerk for entry on the record. It may be stated generally that the rendition and entry of the judgment are two separate acts, and different in their nature. "The rendition of the judgment is a judicial act; the entry upon the record is merely ministerial." 1 Freeman, Judgments (5th Ed.) § 46; 15 R. C. L. "Judgments," § 11; 34 C. J. "Judgments," § 175; 1 Black on Judgments (2d Ed.) § 106.

As between the parties to the judgment, it is quite generally held that it is valid and enforceable, although not entered, unless provided otherwise by statute. 1 Freeman on Judgments (5th Ed.) § 46; 15 R. C. L. "Judgments," § 16; 34 C. J. "Judgments," § 182. We have two provisions of statute on the subject. The first is section 1357, Code 1915, which was section 3 of the article on clerks of courts of the Kearney Code, and is as follows:

"The clerks of the Supreme and inferior courts, and of the probate judges shall seasonably record the judgment rules, orders and other proceedings of the respective courts and make a complete alphabetical index thereto. * * *."

This section provides simply for the duties of the clerks as to entry of judgments and seems to attach no consequence to the failure to do so.

The other provision is different in scope. It is section 1405, Code 1915, and provides that the "journal or record of the court shall show all proceedings of the court." This would seem to impose, not only upon the clerk, but also upon the court itself, the duty to see that the proper record is made of all judgments and proceedings, and would seem to imply that, until such record is made, there is no complete and effective judgment.

The cases from states having statutes similar to ours are collected in notes 57 and 58 to section 182, of 34 C. J. "Judgments," a few of which will be noticed.

In Iowa the statute provides:

"All judgments and orders must be entered on the records of the court and must specify clearly the relief granted, or order made in the action."    Code 1873, § 2864.

In Case v. Plato, 54 Iowa, 64, 6 N. W. 128, it was held under this statute that it was essential to the validity of the judgment that it should be entered upon the record. This decision has been uniformly followed in that state.

In Ohio the statute provides that:

"All judgments shall be entered on the journals of the court."    Rev. St. 1890, § 5331.

In Coe v. Erb, 59 Ohio St. 259, 52 N. E. 640, 69 Am. St. Rep. 764, the court said:

"The requirement that all judgments must be entered on the journal carries the implication that until that is done the judgment is inchoate only; it is incomplete.    Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force."

In Smith v. Smith, 103 Ohio St. 391, 133 N. E. 792, the court said:

"This question has been recently before this court in Industrial Commission of Ohio v. Musselli, 102 Ohio St. 10, 130 N. E. 32.    In that case it was held that the court speaks through its journal, and a judgment is not rendered until it is reduced to a journal entry.    Slight reflection will show the necessity of this rule; otherwise, doubt and controversy would constantly arise as to what the judgment or order of the court and its date were.    But in furtherance of justice an order nunc pro tunc may always be entered."

In Kentucky the statute provides that a judgment must be entered on the order book, and that the proceedings of each day shall be drawn up by the clerk from his minutes and signed by the judge. It was held under this statute in Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, that it is indispensable to the validity of the judgment that it shall be entered on the order book and signed.

In the state of Washington, the statute was:

"All Judgments shall .be entered by the clerk, subject to the direction of the court, in the journal. * *" Ballinger's Ann.    Code & St. § 5119.

It was held in State v. Brown, 31 Wash. 397, 72 P. 86, 62 L. R. A. 974, that a judgment did not become effective until filed with the clerk for entry. See, also, 1 Freeman on Judgments (5th Ed.) § 49, where the reasons for holding that the judgment becomes effective only upon filing with the clerk for entry, or, upon its actual entry, are pointed out, and the cases collected.

Counsel for appellee seeks to draw a distinction from the language used in the different sections of the Procedure Act, and to argue therefrom that this appeal was taken on January 16 instead of January 18.    He argues that under section 1 of the act above quoted the party has six months after the entry of the final judgment within which to appeal, while under section 15, the cost bond section, he has 30 days from the time of taking his appeal within which to file the bond. Counsel seems to argue that this difference in language indicates intention on the part of the Legislature to apply a different rule in computing the time within which the bond may be filed.   The argument is faulty for the reason that, as we are now holding, an appeal is effectuated by means of the order allowing the same and its entry in the record, or its filing with the clerk for entry, and not by the mere filing of the application for the order, or even by the signed order of the judge until it is filed for entry.   Whether an aggrieved party might not be in time if he filed his application in the clerk's office for an appeal within six months from the entry of the final judgment, and notwithstanding the court might fail to make the order of allowance until after the expiration of the six months, we do not decide, because the same is not involved here.   Common prudence would seem to dictate the filing and presentation to the judge of the application for an appeal and the securing of the order within the six months.   Circumstances might arise on account of the absence of the

judge, or his inability to act for some reason, which might put an appellant in a disadvantageous position, unless it could be held under section 1 of the act that, if the party files his application for an appeal within time, the court might thereafter make the allowance of the appeal; but until such question is presented, we express no opinion thereon.

We conclude that the appeal in this case was taken on January 18 within the meaning of the statute, and that the cost bond was filed within 30 days thereafter, and that the motion to dismiss the appeal should be denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.