186 P.2d 514

### McCABE v. WHITEHILL.

No. 5036.

Supreme Court of New Mexico.

Nov. 3, 1947.

Rehearing Denied Dec. 5, 1947.

W. A. Sutherland, of Las Cruces, for appellant.

E. Forrest Sanders, of Lordsburg, for appellee

McGHEE, Justice.

The appellee procured a decree against various defendants quieting title to mining claims, and Mary B. Whitehill alone appeals.

The case is before us on motion to dismiss the appeal on the following grounds:

1. Because the order granting the appeal was signed by Judge A. W. Marshall after he had recused himself and the case had been heard and a judgment signed by Hon. Albert R. Kool, then Judge of the Second Judicial District, under a designation reading as follows:

"I, A. W. Marshall, District Judge of the Sixth Judicial District of the State of New Mexico, do hereby request the Honorable Albert R. Kool, Judge of the Second Judicial District of New Mexico, to preside and act for me and in my place and stead in all matters in relation to the above entitled cause, and in the trial and final disposition thereof, as to him may seem meet and proper."

2. (a) The statement of facts as contained in said brief is not that as contemplated by Rule 15.

(b) No assignment of errors is contained in said brief.

(c) The alleged points set forth in said brief do not comply with said rule and its interpretation.

The first question for determination is whether Judge Marshall was performing a ministerial or a judicial act when he granted the appeal, for we held in State v. Chavez, 45 N.M. 161, 172, 113 P.2d 179, that even though an affidavit of disqualification has been filed a judge may perform ministerial acts. On the other hand, where

a judge voluntarily calls in another judge and designates him to act in his behalf in all matters in connection with a cause, he has no more power left than if he had been disqualified by affidavit. State ex rel. Moser v. District Court, etc., 116 Mont. 305, 151 P.2d 1002.

There is a surprising lack of authority on the question under consideration. It is stated in Jordan v. Hanson, 49 N.H. 199, 204, 6 Am.Rep. 508:

"The remaining question is, whether this protection (immunity from suit on account of the performance of a judicial act) extends to the case of granting or refusing an appeal by a justice of the peace. In discharging this duty, the magistrate must determine whether the right of appeal exists; whether it is demanded in due time; and whether the security offered is, in form and substance, sufficient; and these acts are judicial in their nature. In many, and indeed most cases, the right of appeal may be clear; but in some instances the question is difficult, and requires the exercise of a sound judicial discretion and judgment; * * *"

This case followed State v. Towle, 42 N.H. 540, 546, where it was held that the granting of an appeal was a judicial act. See also Tichenor v. Hewson, 2 J.S. Green, N.J., 26, where the same reason is given as in Jordan v. Hanson, supra, for holding the granting of an appeal is a judicial act.

This court has not passed directly upon the point, but in State v. Capital City Bank, 31 N.M. 430, 246 P. 899, 900, where the question involved was the effective date of an order granting an appeal, we find the following statement by then Chief Justice Parker:

"The order of allowance in this case, as before seen, was obtained on January 16, but was filed for record in the clerk's office on January 18. The ultimate question then is as to when this order of allowance of the appeal became the judgment of the court, when it was signed by the judge, or when it was filed by the clerk for entry on the record. It may be stated generally that the rendition and entry of the judgment are two separate acts, and different in their nature. 'The rendition of the judgment is a judicial act; the entry upon the record is merely ministerial.' " (citing authorities)

Certainly, the signing of a judgment is a judicial act.

Under our rules when a motion for an appeal is presented to a district judge he must determine whether an appeal may be taken from the judgment, as well as whether the application is timely, and, if the granting of a supersedeas be discretionary, whether he will grant it. Also, unless the judgment is for a fixed sum the amount of the supersedeas bond is left to his discretion.

We hold that in granting an appeal a district judge is performing a judicial act, and when the order designating Judge Kool was entered of record and he heard the case, Judge Marshall could not thereafter perform any judicial act in the case, and his action in signing the order granting the appeal was a nullity. Lacking a valid order granting an appeal we are without jurisdiction in this case, and the appeal must be dismissed. Cook v. Mills Ranch-Resort Co., 31 N.M. 514, 247 P. 826.

The motion of the appellee to dismiss the appeal will be granted, and it is so ordered.

LUJAN, SADLER, and COMPTON, JJ., concur.

BRICE, C. J., not participating.