391 P.2d 407

Bernard C. HUNKER, Guardian of the Estate of Eva Jernigan, deceased, Appellant,

v.

Roy MELUGIN, Administrator of the Estate of Eva Jernigan, deceased, Appellee.

No. 7360.

Supreme Court of New Mexico.

April 13, 1964.

Rowley, Davis, Hammond & Murphy, Clovis, for appellant.

Smith, Smith & Tharp, Clovis, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment establishing the sum of $3600 as attorney's fees

for the guardian's attorneys and cancelling a warranty deed from the guardian to his attorneys.

The brief in chief of appellant was mailed to counsel for appellee on March 22, 1963, and filed in this court on March 25, 1963. On September 27, 1963, appellant moved to have the cause submitted on appellant's brief because no answer brief or motion for extension of time had been filed. This motion was sustained on October 9, 1963, and, therefore, the case comes to us only on appellant's brief in chief.

The facts giving rise to this appeal, as found by the trial court, are as follows. Thomas J. Jernigan and Eva Jernigan, were husband and wife and lived together in the state of Texas until June 14, 1912, when Eva Jernigan was declared a lunatic and she thereafter and until her death in 1961 was confined as an inmate at various Texas State Hospitals for the insane. Thomas J. Jernigan and Eva Jernigan were never divorced. In the late 1920's or early 1930's, Thomas J. Jernigan moved to New Mexico where he resided until his death in 1957, and where he acquired certain real estate, including the land in question, described as the NE¼ (less four acres reserved for a cemetery), Sec. 32, and the NW ¼, Sec. 33, Twp. 4 N., R. 37 E., N.M.P.M., Curry County, New Mexico.

By his will, probated in the district court of Curry County, Thomas J. Jernigan claimed all of the property acquired by him in New Mexico as his separate estate and purported to devise $1.00 to his wife, Eva Jernigan; to his son, John W. Jernigan, the NW¼ of the land; and to his grandchildren, B. J. Pierce and Lenora (also sometimes known as Lanora) McNeill, the NE¼ of the land.

The state of Texas, through the board of the Texas State Hospitals, alleging itself to be a creditor of Eva Jernigan by reason of having supported her since 1912, procured the appointment of Bernard C. Hunker as guardian of her estate in New Mexico by order dated November 26, 1958. Upon his appointment, the guardian employed counsel and on April 21, 1959, a formal contract of employment was executed, endorsed and approved by the district judge of the ninth judicial district, but was not filed until November 24, 1961, as part of the final report and account. Said contract was not presented to the court by motion, nor was the same approved by a formal order of the court.

The contract of employment provided that said attorneys would render their services to determine and protect the right, title and interest of Eva Jernigan in the lands hereinbefore described, by instituting and maintaining litigation to completion, and that for said services said attorneys would receive one-third of the property recovered, said fee being contingent upon recovery.

If successful, the guardian was to immediately convey to said attorneys by written instrument an undivided one-third interest in the property. Pursuant to said contract, the attorneys represented appellant in an action in the district court of Curry County, and a judgment was entered declaring said Eva Jernigan to be the owner of an undivided one-half interest in the above described lands, and upon the date the guardian made his final report and account, he executed and delivered to said attorneys a special warranty deed purporting to convey to them an undivided one-sixth interest in the real estate.

The guardian, in his final report and account filed November 24, 1961, reported that his ward, Eva Jernigan, died intestate on May 27, 1961, that her estate was being probated in the probate court of Curry County, and that Roy Melugin was the duly appointed administrator. Acknowledged by the guardian as receipts was the undivided one-half interest in the real estate, and he listed as disbursements the expenditure of $217.19 for abstracting and the suit to quiet title. In the prayer for relief, the guardian requested approval of the final report, allowance of a guardian's fee of $500, that the guardian be discharged, his bond cancelled and the surety released. Thereafter, an order of the district court was entered denying the motion to discharge the guardian filed by the grandchildren.

Roy Melugin, the administrator of the estate of Eva Jernigan, then filed objections to the guardian's final report, stating that the contingent fee for attorneys was excessive, considering the amount and type of work performed by said attorneys; that the contract of employment and the informal approval thereof was not made a matter of record and was not known to those persons interested in preserving the estate of Eva Jernigan until long after the services had been performed; that since the contract and alleged approval thereof was not recorded, those persons interested in conserving the estate of Eva Jernigan were not given an opportunity to call the contract to the attention of the court; that those interested in the conservation of the estate of Eva Jernigan should have been given an opportunity to arrange for payment of a sufficient fee; that the contract of employment was in fact a contract for the conveyance of an undivided one-third interest in the real estate of Eva Jernigan, an incompetent; that the statutory provisions with regard to the conveyance of an interest in the real estate of an incompetent were not followed, for which reason said contract was of no effect; that a guardian ad litem should have been appointed to represent said incompetent prior to consideration of said contract by the court; that the administrator recognizes the performance of services for the estate of Eva Jernigan, but that the attorneys

should be paid a reasonable fee as determined by the court.

On January 5, 1962, the parties entered into a stipulation that the grandchildren were not given notice of the contract of employment; that Eva Jernigan and her estate possessed no assets other than such property that might be recovered by her attorneys; that the court did take judicial notice of the suit to quiet title; that the grandchildren would testify that, if they had known of the contract, they would have attempted negotiations for a guaranteed fee, rather than a contingent fee, in an amount less than that set out in the contract; that the minimum fee schedule of the Plains County Bar Association, which includes Curry County, contains a provision that a contingent fee in ordinary cases is 25% if settled out of court before suit is filed, 33⅓% if suit is filed, and 50% if appealed. It was further stipulated that the entire fee simple estate of the property involved was appraised at $31,500 on February 13, 1958.

On June 11, 1962, the administrator moved to cancel the deed from the guardian to the attorneys employed under the contract, in which the guardian conveyed an undivided one-sixth interest in the property to said attorneys. In response to this motion, it was contended that the deed was made pursuant to the contract of employment.

A hearing was held on the motion and on October 8, 1962, the trial court made the following pertinent finding of fact:

"9. That the attorney performing the work for said guardian spent approximately 150 hours of time. That only a small portion of that was trial time. That considering the work performed by said attorneys the contingent nature of the fee which they would receive, considering the result obtained by them, and considering the value of the Estate recovered on behalf of Eva Jernigan, Incompetent, the reasonable value of the services of Rowley, Davis and Hammond on behalf of Eva Jernigan is in the amount of $3,600.00."

The court made the following conclusions of law:

"1. That the Contract of Employment above referred to is not binding upon this Court.

"2. That the claim of Rowley, Davis and Hammond for services rendered the Estate of Eva Jernigan, Incompetent, should be approved in the amount of $3,600.00.

"3. That the deed heretofore executed by Bernard Hunker as Guardian of Eva Jernigan, Incompetent, and delivered to Rowley, Davis and

Hammond is of no force and effect and same should be cancelled of record.

"4. That the Guardian is entitled to recover from the estate of said Eva Jernigan, deceased, the sum of $150.00 for his fee for services and the further sum of $217.19 for his costs advanced."

Judgment was entered on October 23, 1962, and this appeal followed.

Appellant relies upon three points for reversal:

"I. That the trial court erred in failing to find that the contract of employment between the guardian and his attorneys dated April 21, 1959, provided for a reasonable fee, in failing to approve the same and order it to be performed, and further erred in cancelling the deed delivered in accordance with the terms thereof.

"II. That the trial court erred in failing to find that at the time of the execution of said contract of employment between said attorneys and the guardian, the minimum fee schedule of the Plains County Bar Association, comprised of Curry, De Baca, Roosevelt, and Quay Counties, provided that the minimum fee schedule on contingent basis in ordinary cases would be twenty-five per cent if settled out of court before suit was filed, and thirty-three and one-third per cent if suit were filed.

"III. That the trial court erred in establishing and approving the claim of Rowley, Davis, Hammond & Murphy for services rendered the estate of Eva Jernigan, incompetent, in the amount of $3,600.00 only."

Appellant contends that the contract of employment was not only reasonable but was based upon the minimum fee schedule of the Plains County Bar Association. Thus, behind appellant's three points we find the common contention that the trial court erred in not following the contract between the parties which provided, as a fee, an amount which was also that amount set in the minimum fee schedule for contingent cases.

In the case of In re Boyd's Guardianship, 37 N.M. 83, 18 P.2d 658, this court was called upon to decide the issue of attorneys' compensation for services rendered on behalf of an incompetent. The trial court set a fee of $150, which the attorneys contended was inadequate, claiming an additional fee of $1,000. This court, in affirming the trial court, said:

" * * * 'As a general proposition, guardians cannot by their contracts bind either the person or estate of their wards. Such contracts bind the guardians personally, and recovery thereon must be had in an action against them, not against the ward.' "

The rule is stated in 39 C.J.S. Guardian and Ward § 101, p. 179, as follows:

"In the absence of special authorization by court or statute, the guardian by his contract cannot bind, as a rule, either the person or estate of the ward; * * *."

See also, 25 Am.Jur., Guardian and Ward, § 98, p. 64.

In Thomas v. Holt, 209 Ga. 133, 70 S.E. 2d 595, the court held:

"Guardians of the property of wards are trustees, whose powers over the property of their cestuis que trust are defined by law, and among these powers is not included the execution of a contract binding the estate of their wards. * * *"

See also, Dec.Dig., Guardian & Ward, Key No. 48; Anno. 171 A.L.R. 468.

■ We find no statutory provision in New Mexico which expressly authorizes a guardian of an incompetent to execute a contract binding upon the estate of the ward. Therefore, under the above authorities and the facts of this case, the trial court was correct in its conclusion of law that the contract of employment was not binding upon the trial court. That the district judge had noted an approval on the contract without docketing the same or entering an order thereon added nothing to its validity. See § 16–3–52, N.M.S.A., 1953 Comp.; In re Manning's Estate, 134 Iowa 165, 111 N.W. 409. See also, State v. Capital City Bank, 31 N.M. 430, 246 P. 899; Animas Consolidated Mines Co. v. Frazier, 41 N.M. 389, 69 P.2d 927.

■ The contract thus being void or voidable, the following rule of law, as stated in Vol. 2, Thornton on Attorneys at Law, § 438, pp. 759–760, and cited with approval in Baca v. Padilla, 26 N.M. 223, 190 P. 730, 11 A.L.R. 1188, is applicable:

" 'The general rule undoubtedly is that an attorney is not precluded from recovering compensation for valuable services by the mere fact that such services were rendered under a void or voidable contract. There can, of course, be no recovery on the contract, but where it is not inherently *malum in se* or *malum prohibitum* the attorney may recover the reasonable value of his services on a *quantum meruit.*' * * *"

■ It, therefore, follows that the trial court was correct in setting the reasonable value of the services of the attorneys on

behalf of the estate of Eva Jernigan, an incompetent.

█ It is the general rule, long established in this jurisdiction, that this court will not change the setting of a reasonable attorney's fee by the trial court, unless there has been an abuse of discretion. Armijo v. Mountain Electric Company, 11 N.M. 235, 67 P. 726; Williams v. Dockwiller, 19 N.M. 623, 145 P. 475; Harper v. Harper, 54 N. M. 194, 217 P.2d 857.

██ Further, in regard to appellant's point II, it seems clear that while the trial court may consider the minimum fee schedule, it is not mandatory or necessarily controlling. County of Kern v. Galatas, 200 Cal.App.2d 353, 19 Cal.Rptr. 348; American Jewish Joint Distribution Committee v. Eisenberg, 194 Md. 193, 70 A.2d 40; Bierlein v. Gagnon, 255 Minn. 143, 96 N.W.2d 573; Bryant v. Bryant, (N.D.1960), 102 N.W.2d 800; Conway v. Sauk County, 19 Wis.2d 599, 120 N.W.2d 671. Therefore, the failure of the trial court to make a requested finding thereon could not be reversible error. Laumbach v. Laumbach, 58 N. M. 248, 270 P.2d 385, is not in point because the finding here refused was not determinative of the issue before the court. It was merely an uncontroverted evidentiary fact, and failure to make a finding thereon was not error. Transport Trucking Company v. First National Bank in Albuquerque, 61 N. M. 320, 300 P.2d 476; Edward H. Snow Development Company, Inc. v. Oxsheer, 62 N.M. 113, 305 P.2d 727; Middle Rio Grande Conservancy District v. Crabtree, 69 N.M. 197, 365 P.2d 442.

The judgment of the district court is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.