800 P.2d 1058

**Delia CALDERON, as mother and next friend of Kimberly D'Ann Duran, a minor, Plaintiff–Appellant,**

v.

**Joella NAVARETTE and Marcello Navarette, et al., Defendants,**

and concerning

**Tom Cherryhomes, Attorney at Law, Appellee.**

No. 19067.

Supreme Court of New Mexico.

Nov. 8, 1990.

McCormick, Forbes, Caraway and Tabor, Michael E. Dargel, Cas Tabor, Carlsbad, for appellant.

Tom Cherryhomes, Carlsbad, pro se.

## OPINION

BACA, Justice.

This appeal involves a dispute concerning attorney fees. The district court awarded appellee Tom Cherryhomes attorney fees in the amount of $7,000 as compensation for services rendered to appellant Calderon in an insurance settlement matter. Delia Calderon appeals from that judgment. In May 1989, Calderon engaged the legal services of Cherryhomes to conclude her daughter's personal injury case. Calderon's daughter, Kimberly Duran, had been seriously in-

jured in an automobile accident involving Joella Navarette in July 1988. In December 1988, Navarette's insurance company, American Indemnity Insurance, offered to settle Duran's suit for the policy limit of $25,000. At that stage, Calderon was advised that court approval was required to settle because of Duran's status as a minor.

Throughout the majority of the settlement proceedings Duran was represented by another attorney, but before the process was complete that attorney was suspended from the practice of law. This first attorney, along with the guardian ad litem and the attorneys for the insurance company, had expended considerable effort and time to reach a settlement. When the first attorney withdrew, the year-old case was close to final resolution. Calderon then hired appellee Cherryhomes to render legal assistance both in her daughter's insurance settlement case and in an unrelated matter involving two underinsurers. In connection with one or both of these cases, Calderon signed a contingent fee agreement with Cherryhomes.

Essentially, Cherryhomes' representation in this matter consisted of the following services: (1) He amended the complaint to reflect the joinder of the two underinsurers; (2) he requested a letter from American Indemnity verifying a single policy for $25,000; (3) he conferred with the guardian ad litem; (4) he drafted cover letters to various medical providers regarding the settlement checks; and (5) he attended the settlement conference. As compensation for these services, Cherryhomes relied on the contingency agreement to claim $7,000 of the $25,000 settlement check.

Disturbed by the fee, Calderon filed a complaint with the Disciplinary Board of the Supreme Court. An attorney for the Board found that Cherryhomes was entitled to the fee plus $1,800 under the contingency agreement. Calderon next asked the district court to review Cherryhomes' attorney fee. Upon review, the district court voided the application of the contingency agreement because it had not been properly presented to the court, and found

that Cherryhomes should be compensated for his services at a reasonable hourly rate. Because Cherryhomes kept no records, the court requested Cherryhomes submit a statement estimating his time. In that estimate, Cherryhomes included the time he spent defending his fee in response to the Disciplinary Board's inquiry and defending the contingency agreement in the district court. Based on this estimate, the district court found that Cherryhomes was entitled to $7,000 as compensation for his legal services. Appellant challenges this decision, contending: (1) the court incorrectly measured Cherryhomes' attorney fees; (2) Cherryhomes' own statement of estimated attorney fees does not constitute competent evidence as to the value of the services; and (3) the record lacks substantial evidence justifying the fee in light of the close scrutiny required by the law in dealings between attorneys and clients, especially in cases where the client is a minor.

Based on our analysis of the first issue, we reverse and remand for redetermination of the appropriate fee. Accordingly, we find it unnecessary to address appellant's other contentions.

Neither appellant nor appellee has disputed the court's order nullifying the application of the contingency agreement; thus, recovery for Cherryhomes' legal services cannot be based on this voided agreement. Although the parties agree that Cherryhomes should be compensated, they disagree as to the amount and method of that determination.

█ As a general rule an attorney may recover the reasonable value of services rendered under a void contract. However, recovery is grounded on a quantum meruit theory, not on the terms of the voided contract. *Hunker v. Melugin*, 74 N.M. 116, 391 P.2d 407 (1964). In *Hunker* we noted that it was proper under such circumstances for the district court to set a reasonable value for the services rendered. In the present case, after voiding the contingency fee agreement, the district court held a hearing to determine the value of Cherryhomes' services. Generally, the district court has broad discretion in awarding

attorney fees and we will not disturb the court's fee determination unless there has been an abuse of discretion. *Id.* at 123, 391 P.2d at 411. Here, appellant contends that the court abused its discretion by measuring the value of Cherryhomes' legal services incorrectly. We agree.

When the court entered its decision for Cherryhomes in the amount of $7,000, it expressed its reservations regarding Cherryhomes' estimate of hours in the following findings:

4. Delia Calderon testified that she simply did not believe Tom Cherryhomes had spent that much time (i.e., sixty (60) hours) on the case, but she was not able to contradict Mr. Cherryhomes' estimate of time spent by any direct evidence, except her recollection as to her conferences, and her contradicting evidence with reference to conferences was neither substantial nor certain.

5. Mr. Cherryhomes testified in support of his estimate of time spent but candidly admitted that he had not kept time sheets because of the contingent fee agreement.

6. The Statement of Estimate of Hours appears to involve more hours than should reasonably have been spent on the matters itemized, but it has not been materially contradicted by direct, competent evidence.

It is fundamental that the attorney bears the burden of proving the value of the legal services rendered. *Van Orman v. Nelson,* 78 N.M. 11, 23, 427 P.2d 896, 908 (1967). It is apparent from these findings that the district court erred by placing the burden on Calderon to disprove the reasonableness of Cherryhomes' fee, rather than on Cherryhomes to prove it. In findings numbers 4 and 6 the court stated that because Calderon was unable to present any direct contradictory evidence the estimate constituted sufficient proof for a fee determination. Regardless of the evidence presented by Calderon, the court must decide whether Cherryhomes met the requisite burden of proof as to what would constitute a reasonable value for the services rendered.

Although each case involving an attorney fee determination is governed by its own facts and circumstances, the court may consider various factors to arrive at that reasonable value. Appellant cites to various New Mexico cases that have enumerated these factors. *See Tome Land & Improvement Co. v. Silva,* 86 N.M. 87, 519 P.2d 1024 (1973); *Van Orman v. Nelson,* 78 N.M. 11, 427 P.2d 896 (1967); *In re Brown's Estate,* 48 N.M. 580, 154 P.2d 247 (1944). In *Brown's Estate,* we listed the following as some of the most important factors to be considered in a fee determination: the skill required, the nature and character of the controversy, the amount involved, the importance of the litigation, and the benefits derived therefrom. 48 N.M. at 586, 154 P.2d at 251. In addition, the court may also apply its own knowledge and expertise regarding the nature of the services rendered by Cherryhomes to calculate the value of the fee. *See Van Orman,* 78 N.M. at 23, 427 P.2d at 908.

Upon reviewing the findings and the record, it is clear that the court below was not satisfied that Cherryhomes' fee was reasonable. The court in finding number 6 stated that it considered the claimed number of hours to be excessive, but nonetheless awarded a fee based on that same number of hours. Thus, although the court considered its own experience and knowledge in evaluating Cherryhomes' claim, it failed to apply that expertise when it set the fee. The court's ruling appears to rest primarily on Cherryhomes' own estimates.

Appellee contends, however, that the district court did consider these other factors. Furthermore, appellee argues that an evaluation of any other factors would only lend additional support to the amount of the court's award. Notwithstanding the district court's attention to the additional factors, the fee must be redetermined in light of the court erroneously shifting the burden of proof from the attorney to the client.

Finally, the court erroneously allowed Cherryhomes to include in his esti-

**4**

mate of hours time he spent defending his fee before the State Bar and in the district court. It appears that Cherryhomes was protecting his own interest in those proceedings. It is well-settled law in New Mexico that each party to the litigation is responsible for its own legal fees, *Martinez v. Martinez*, 101 N.M. 88, 678 P.2d 1163 (1984), although fees may be awarded if authorized by statute or contract. *Hiatt v. Keil*, 106 N.M. 3, 738 P.2d 121 (1987). Cherryhomes has not cited us to any authority, statutory, contractual or otherwise, that would allow him to recover legal fees for time expended in defense of his fee. The district court should award a fee based upon the benefits actually provided to the client.

This matter is remanded to the same district court to redetermine the attorney fee award in accordance with the foregoing opinion.

IT IS SO ORDERED.

SOSA, C.J., and MONTGOMERY, J., concur.