This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SUTIN, THAYER & BROWNE**
**A PROFESSIONAL CORPORATION**,

      Petitioner-Appellant,

v.                    NO. 30,791

**WHITENER LAW FIRM and**
**TYLER AVEY**,

      Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Sutin, Thayer & Browne
Kerry C. Kiernan
Albuquerque, NM

Duhigg, Cronin, Spring & Berlin, P.A.
Frank Spring
David Berlin
Albuquerque, NM

for Appellant

Santillanes & Neidhardt, P.C.
Janet Santillanes
James T. Roach
Albuquerque, NM

for Appellees

# MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Respondents have filed a motion for rehearing. We grant the motion in order to correct our inadvertent and erroneous use of the term "judgment lien" in two parts of the opinion. We deny the motion in all other respects.

Petitioner appeals from a final order granting Respondents' motions for summary judgment on all of Petitioner's claims. In this Court's notice of proposed summary disposition, we proposed to reverse in part and affirm in part. Petitioner has filed a memorandum expressing its support of our proposed summary reversal and its opposition to our proposed summary affirmance. Respondents have filed a joint memorandum in opposition to our proposed summary reversal. Having duly considered the parties' arguments, we reverse the grant of summary judgment on Petitioner's claim for foreclosure of its charging lien and affirm in all other respects.

**The Charging Lien**

Petitioner contends that the district court erred in concluding that Petitioner's lien was invalid and unenforceable and, on that basis, granting Respondent Whitener's motion for summary judgment on Petitioner's claim for foreclosure of the lien. [DS 6] In this Court's notice of proposed summary disposition, we proposed to conclude that the district court erred in granting Whitener's motion.

In Respondents' memorandum in opposition, they abandon a number of arguments they made in the district court. On appeal, they argue that: (1) Respondent is only entitled to a fee in quantum meruit, not the full contractual contingency fee; (2) Petitioner argued below that it was entitled to the full contractual fee (minus an equitable amount for Respondent Whitener); and (3) since Petitioner is not entitled to the contingent fee it claims, this Court should not decide whether Petitioner is entitled to enforce its charging lien at all. [Resp'ts' MIO I (Table of Contents, outlining Respondents' argument)] We are not persuaded by Respondents' analysis.

In our notice of proposed summary disposition, we stated that there are four requirements for the imposition of a charging lien. *See Computer One, Inc. v. Grisham & Lawless, P.A.*, 2008-NMSC-038, ¶ 14, 144 N.M. 424, 188 P.3d 1175. "First, there must be a valid contract between the attorney and the client, although the contract need not be express." *Id.* The contract does not have to actually provide for a charging lien in order for one to be imposed. *See Cherpelis v. Cherpelis*, 1998-NMCA-079, ¶ 17, 125 N.M. 248, 959 P.2d 973 (stating that the decision in *Sunwest Bank of Roswell, N.A. v. Miller's Performance Warehouse, Inc.*, 112 N.M. 492, 494, 816 P.2d 1114, 1116 (1991), "did not make the charging lien a matter of pure contract, and it did not abrogate the long-established equitable right of an attorney to seek the aid of the Court to get paid for his or her services. To the extent

4

that *Rhodes* [*v. Martinez*], 1996-NMCA-096, ¶ 8, 122 N.M. 439, 925 P.2d 1201, suggests that a fee agreement must include an explicit charging lien provision before it will be effective, it is hereby overruled." (citation omitted)). "Second, there must be a judgment, or 'fund,' that resulted from the attorney's services." *Computer One, Inc.*, 2008-NMSC-038, ¶ 14. With respect to this requirement, when an attorney has been discharged by a client and replaced by another attorney, the first attorney is entitled to assert a charging lien if he has made "significant contributions to a case before being discharged." *Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 21, 140 N.M. 395, 142 P.3d 983. "Third, the attorney must have given clear and unequivocal notice that he intends to assert a lien, and notice must be given to the 'appropriate parties.'" *Computer One, Inc.*, 2008-NMSC-038, ¶ 14 (citation omitted). "Finally, the lien must be timely—notice of the lien must be given before the proceeds from the judgment have been distributed." *Id.* (alteration omitted) (internal quotation marks and citation omitted). Respondents do not argue that our proposed analysis regarding the requirements for foreclosure of a charging lien was erroneous, and they do not argue their motion for summary judgment established as a matter of law that Petitioner could not meet any of the requirements. Accordingly, we conclude that the district court erred in granting Respondent Whitener's motion for summary judgment on the charging lien.

Instead of directly addressing the requirements for foreclosure of a charging lien, Respondents focus on the amount that Petitioner may or may not be entitled to collect pursuant to such a lien. Respondents argue that *Guest v. Allstate Ins. Co.*, 2010-NMSC-047, 149 N.M. 74, 244 P.3d 342, makes clear that Petitioners are only entitled to recover in quantum meruit, and then, despite the fact that our case law indicates that a number of factors are considered in evaluating the reasonable value of an attorney's services under quantum meruit principles, *see Calderon v. Navarette*, 111 N.M. 1, 3, 800 P.2d 1058, 1060 (1990) (considering, in awarding an attorney fee under a quantum meruit theory, "the skill required, the nature and character of the controversy, the amount involved, the importance of the litigation, and the benefits derived therefrom"), Respondents suggest that the only measure of what Petitioner would be entitled to recover would be its hourly rate for the actual hours expended on Respondent Avey's case. [Resp'ts' MIO 12] Because the district court granted summary judgment on the issue of Petitioner's ability to foreclose on its lien against Respondent Whitener, it did not reach the issue of the measure of any fee Petitioner may be entitled to if it establishes that it is in fact entitled to a fee. We decline to review a matter that has not been addressed in the first instance by the district court. *See Peña Blanca P'ship v. San Jose Cmty. Ditch*, 2009-NMCA-016, ¶ 8, 145 N.M. 555, 202 P.3d 814 (noting that there is a preference for having legal issues decided by

6

the district court in the first instance). It is on this basis that we also refuse Petitioner's invitation to decide how to quantify any fee to which it may prove to be entitled on remand. [Pet'r Mem. 5-7]

We recognize that Respondents' argument regarding the amount of the fee is not solely directed at what may occur on remand. Rather, Respondents argue that because Petitioner is only entitled to, if anything, a fee in quantum meruit, and because Petitioner voluntarily dismissed its claim of unjust enrichment against Respondent Avey, Petitioner effectively abandoned an argument that it was entitled to anything from anyone. We disagree. As Petitioner made clear throughout this litigation, Petitioner never intended to sue Respondent Avey, as it believed that under the facts of this case, its claim was properly brought against Respondent Whitener. Petitioner originally filed its claim for foreclosure of its charging lien against Respondent Whitener. [RP 1-4] Petitioner only added claims against Avey when, pursuant to Respondent Whitener's motion to dismiss for failure to state a claim [RP 13-19], the district court stated that it was necessary to join Avey as a party and that it believed that Petitioner's claim was actually properly brought against Avey [RP 62-64, 65]. Petitioner then brought several claims against Avey, all but one of which it subsequently dismissed. [RP 67-76, 386] Petitioner's dismissal of these claims was simply a reflection of the fact that the party from whom it believed it was entitled to

recover was not Avey, but Respondent Whitener. Petitioner's dismissal of its unjust enrichment claim against Avey does not provide any basis for barring recovery from Respondent Whitener.

**Petitioner's Motion for Summary Judgment**

In this Court's notice of proposed summary disposition, we proposed to conclude that the district court did not err in denying Petitioner's motion for partial summary judgment on the issue of its entitlement to a fee, since there was at a minimum a disputed issue of material fact as to whether Petitioner made "significant contributions" to the recovery in this case, so that a trial on the issue, rather than summary judgment, would have been necessary. Petitioner responds that because Petitioner cited expert opinion testimony that its work made significant contributions to Avey's case and Respondent only denied this fact, summary judgment was required. We disagree.

"We are mindful that summary judgment is a 'drastic remedial tool which demands the exercise of caution in its application,' and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (citation omitted). Even when there are no disputes about the underlying facts, it is only when "the undisputed facts lend themselves to only one conclusion" that the issue may properly be decided as a matter

of law. *See Ovecka v. Burlington N. Santa Fe Ry. Co.*, 2008-NMCA-140, ¶ 9, 145 N.M. 113, 194 P.3d 728 ("[W]hen no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law."). Here, we do not agree that the facts put forth by Petitioner established as a matter of law that Petitioner made "significant" contributions to the case. First, we note that Petitioner provides no argument about what standard should be used in evaluating whether an attorney's contribution is "significant" as a matter of law, and we therefore cannot conclude that Petitioner has demonstrated that the district court erred under any particular legal standard. Furthermore, even if we were to simply attempt to apply the plain meaning of the phrase "significant contribution to the case," we would not be able to conclude that the facts put forth by Petitioner, viewed in the light most favorable to a trial on the merits, led to "only one conclusion" about whether or not its contribution was "significant." Petitioner provided evidence that it attorney spent 68.25 hours of work on Respondent Avey's case. [RP 217] This work included investigating the liability of the other driver in the accident, communicating with the driver's insurance company about the case and the driver's policy limits, hiring an accident reconstruction expert, looking into the possibility of a tort claim against the State and of a product liability claim, communicating with the insurance company in order to preserve evidence of a possible product liability claim,

9

gathering medical records, investigating a burn incident at the hospital, and speaking with Avey and his parents about options for recovery. [RP 217; see also RP 38-43] Viewing this evidence in the light most favorable to a trial on the merits, we cannot say that these contributions were, as a matter of law, significant contributions to Avey's case. We note that, at least under the facts of this case, it is difficult to assess the significance of Petitioner's contribution without further information about the merits of the case that was settled or the reasonableness or thoroughness of Petitioner's investigation of the other possible causes of action against other parties. It is also difficult to assess the significance of Petitioner's contributions without knowing what Respondent Whitener did to settle the case. Accordingly, we conclude that the facts set forth by Petitioner did not establish as a matter of law that it made significant contributions to Avey's case. Therefore, the district court did not err in denying Petitioner's motion for summary judgment on this issue.

To the degree that Petitioner's argument regarding its expert's opinion that Petitioner's contribution was "significant" is intended to suggest that this expert opinion must be determinative of the issue, we disagree. Even when expert testimony is required in order to prove a claim, the district court is not bound by such an opinion. *Cf. See State v. Alberico*, 116 N.M. 156, 164, 861 P.2d 192, 200 (1993) (stating that "an expert's opinion is not conclusive of a fact in issue even though the opinion may

be uncontroverted"). Petitioner's expert's opinion was just one part of the evidence that the district court was required to review in the light most favorable to a trial on the merits.

**The Right to a Jury Trial**

Petitioner asserts that the district court erred in determining that Respondents had a right to a jury trial. [DS 6] In our notice of proposed summary disposition, we proposed to find no error, based on the ruling actually made by the district court. We stated that, to the degree that Petitioner asked this Court to review a ruling that did not occur, that is, a ruling that Respondent was entitled to a jury trial on the foreclosure claim, we declined to do so. Petitioner responds by continuing to argue that a jury trial may not be had on Petitioner's claim for foreclosure of its charging lien. [Pet'r Mem. 9-11] As Petitioner acknowledges that the district court never ruled on this issue, we decline to address it as a basis of a claim of error on appeal. *See Pena Blanca P'ship*, 2009-NMCA-016, ¶ 8 (noting that there is a preference for having legal issues decided by the district court in the first instance).

**Motion in Limine**

Petitioner asserts that the district court erred in denying a motion in limine that sought to prevent Avey from testifying about the reasons he decided to terminate the contract between himself and Petitioner. [DS 6] In our notice of proposed summary

11

disposition, we proposed to find no error in the district court's ruling, which simply stated that it declined to categorically exclude this evidence, but that it would carefully monitor any such testimony in order to avoid prejudice to Petitioner. Petitioner responds by repeating its argument based on the general rule that when a former client asserts that he fired an attorney for cause, he must establish this fact through expert testimony. *See Walters v. Hastings*, 84 N.M. 101, 106-07, 500 P.2d 186, 191-92 (1972). Petitioner states that the district court's ruling was unclear and that this Court should reverse to the extent that the district court ruling "may permit non-expert testimony to attempt to prove that Avey had cause to discharge [Petitioner]." [Pet'r Mem. 12] Petitioner's argument does not demonstrate reversible error on appeal. The reason that the district court's ruling is unclear regarding what it will and will not admit into evidence is that there has not yet been a trial and the district court has therefore had no opportunity to admit or deny any particular evidence. Because it has not had the opportunity to make such rulings, this Court cannot say that it has abused its discretion. *Cf. State v. Griego*, 2004-NMCA-107, ¶ 12, 136 N.M. 272, 96 P.3d 1192 (noting that a district court's order on a motion in limine that permitted certain impeachment evidence could not be effectively reviewed on appeal because the case was dismissed and the proposed impeachment never took place). Furthermore, this Court will only reverse an evidentiary ruling if the ruling has prejudiced the party

claiming error. *See* Rule 11-103(A) NMRA ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]"); *see also In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) ("On appeal, error will not be corrected if it will not change the result."). Where, as here, no evidence has actually been admitted, Petitioner cannot demonstrate prejudice.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse the district court's order granting summary judgment on Petitioner's claim for foreclosure of its charging lien against Respondent Whitener. We affirm in all other respects.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**